[No. 12446.  Department Two.  October 26, 1914.]

THE STATE OF WASHINGTON, *on the Relation of John F. Murphy, as Prosecuting Attorney etc., Plaintiff,* v. BOYD J. TALLMAN, *as Judge etc., et al., Respondents.*[1]

INJUNCTION—JURISDICTION—NOTICE—NECESSITY.  A judgment restraining the county auditor from printing the names of certain candidates on the general election ballot is void where they were not served with notice and did not appear in the proceedings against the auditor in which the judgment was entered.

ELECTIONS — BALLOTS —NOMINEES—DETERMINATION—NECESSITY OF NOTICE.  The superior court is powerless to adjudge that filing fees were not paid by certain candidates for office, where such persons were not served with notice or before the court.

ELECTIONS—PRIMARY ELECTIONS—"STICKERS" OR WRITING NAMES—FILING FEES.  Under Rem. & Bal. Code, § 4843, giving any voter at a primary election the right to write or paste on his ballot the name of any person for whom he desires to vote for any office, candidates are not required to pay any filing fee when they were nominated at a primary election by the writing of their names on the ballots, or otherwise than by filing a regular declaration of candidacy or by seeking nomination at the hands of a nominating convention.

ELECTIONS—BALLOTS—FAILURE TO PAY FILING FEES—RESTRAINING PRINTING OF NAMES.  The supreme court will not reverse a judgment restraining the county auditor from printing on the general election ballot the name of one who was nominated without his consent by a party to which he did not belong, and who did not wish to run and refused to pay the filing fee; likewise, one who had received a primary nomination, but did not wish to run, had given notice of his withdrawal and refused to pay the filing fee (even though the withdrawal was not filed within the twenty-day limit fixed by law); where both of such parties were before the court and did not seek a review of the judgment.

MOUNT and MAIN, JJ., dissenting.

Certiorari to review an order of the superior court for King county, Tallman, J., entered October 17, 1914, directing the county auditor not to print names of certain candidates on the general election ballot.  Reversed in part and affirmed in part.

[1]Reported in 143 Pac. 874.

*John F. Murphy, Samuel Morrison,* and *Robert H. Evans,* for relator.

*Edgar C. Snyder* and *Thomas F. Murphine,* for respondents.

FULLERTON, J.—At the primary election held in King county on September 8, 1914, a number of persons were nominated for the various county offices who had not previously filed declarations of candidacy, and who had not paid the filing fee required by statute of persons making declarations of candidacy.   On October 17, 1914, one Edgar C. Snyder, a citizen, resident and qualified elector of King county, brought a proceeding on his own relation against the county auditor' of King county to restrain him from printing on the official ballot, to be used at the coming general election, the names of certain of the persons so nominated, on the ground that such persons had not paid the statutory filing fee, although each of them had been severally notified so to do by the county auditor.   Attached to the petition were the affidavits of one William A. Gaines and one Fred Nelsen.   In the first affidavit, the affiant averred that he had received the nomination of the socialist party for the office of county treasurer of King county, but that at no time had he affiliated with or been a member of that party; that he had not paid the filing fee "required by law for said nomination," did not intend to pay the same; that he had theretofore declined and still declines the nomination, and refuses to be a candidate on the socialist party ticket.   The affidavit of Nelsen was to the effect that he had, at the primary election, received the nomination of the democratic party for state senator of the thirtieth senatorial district of King county, but had presented in writing his withdrawal as such nominee to the county auditor of King county, and that "he does not now wish to be a candidate for said office for said party, and still declines to be such candidate."   None of the other persons named in the proceedings appeared there-

in, nor were they served with notice or process of any kind, nor does it appear that they had notice of the pendency of the proceedings.

On the day appointed for the return of the writ, the county auditor appeared in person before the court, "and the court having heard argument thereon, and being fully advised in the premises, and good cause appearing therefor," entered an order directing the auditor not to print on the official ballot for the general election to be held on November 3, 1914, the names of the persons who had been nominated at the primary election mentioned, and who had not paid the filing fee required of candidates making declarations of candidacy.

The present proceeding is brought to review the order of the trial court. It is contended that the order entered is void as to all of the persons receiving nominations at the primary election who were not served with notice of, and who did not appear in, the proceedings in the court below, and erroneous as to the nominee for state senator, because his withdrawal was not filed with the auditor at least twenty days preceding the time of the general election. As to the persons not made parties to the proceedings, we are clear that the order is void. By the express provisions of the statute (Rem. & Bal. Code, § 4843; P. C. 167 § 357), any voter at a primary election may write or paste on his ballot the name of any person for whom he desires to vote for any office, "and such vote shall be counted the same as if printed upon the ballot and marked by the voter." These persons, therefore, in virtue of having received the highest number of votes cast for candidates for the respective offices for which they were named, were the nominees for such offices, as much so as they would have been had they filed a regular declaration of candidacy. This right carried with it the right to have their names printed on the official ballot as candidates at the general election to follow, and the court was without power or jurisdiction to take the right away from them in a proceed-

ing to which they were neither given notice nor an opportunity to be heard.

But it is said they have not paid the filing fees required by candidates for office. As to this there are two sufficient answers. The first is that the court, because of the want of notice to the persons affected, is powerless to adjudicate the question; and the second is, we have been cited to no provision of the statute, and our own research has found none, which requires a filing fee of persons so nominated. We have not overlooked the argument drawn from statutes said to be analogous. The necessity of an immediate decision prevents an answer at length. It is sufficient to say that requirements of this character must be clear before the persons intrusted with the charge of elections can exact them, and the somewhat hasty examination we have given the question convinces us that no fee was intended to be required of candidates who are nominated for office without filing a regular declaration of candidacy, or sought nomination at the hands of a nominating convention.

The order we think valid as to Gaines and Nelsen. These persons made themselves parties to the proceeding, and are not seeking its review. Moreover, the requirement that a person having filed a declaration of candidacy must withdraw "at least twenty days before election," is rather directory than mandatory. If, at the time the withdrawal is filed, the names have been certified for printing on the ballot, the officer is not required to recall the certificate, although he may with propriety refuse to certify the name of a candidate who had filed a withdrawal even if the withdrawal be received after the stipulated time.

The order sought to be reviewed is reversed in all of its parts, except in so far as it relates to William A. Gaines and Fred Nelsen. Let the writ issue immediately.

PARKER and GOSE, JJ., concur.

MOUNT, J. (dissenting)—The point has not been raised, but it is my opinion that, under Rem. & Bal. Code, § 4829 (P. C. 167 § 329), the judgment of the superior judge is final. Also, that a fee for all candidates is required by § 4830 (P. C. 167 § 331). The writ should therefore be denied.

MAIN, J. (dissenting)—I agree with that portion of the majority opinion which holds that the judgment of the superior court is void as to all who had not been made parties thereto and given a right to be heard. From this it does not follow, however, that the names of those persons nominated at the primary election and who had not paid the fee should be printed upon the general election ballot. The auditor had given each notice that, unless the fee was paid, his name would not be printed. Not having responded to this notice in any manner, it was an implied acquiescence in the determination of the auditor not to print the names upon the ballot unless the fee were paid. Further than this, it seems to me that the reasonable and proper construction of the statute (Rem. & Bal. Code, § 4830; P. C. 167 § 331), is that all persons whose names go upon the general election ballot are required to pay the fee. In this respect, I concur with Judge Mount.

Upon the question of the right to withdraw, I also dissent from the view entertained by the majority. The statute, Rem. & Bal. Code, § 4802 (P. C. 167 § 229), requires that the withdrawal must take place "at least twenty days before the election." Under the statute, the right of withdrawal is lost unless it is filed in the manner provided, and at least twenty days before election. This question has been before the courts of last resort of the states of Idaho and Nebraska. *State ex rel. Eastham v. Dewey*, 73 Neb. 396, 102 N. W. 1015; *Seawell v. Gifford*, 22 Idaho 295, 125 Pac. 182, Ann. Cas. 1914 A. 1132. In both these cases it is held that the right to withdraw from the ballot does not exist after the time fixed by statute for such withdrawal. It is true that those decisions, being from other jurisdictions, are not con-

trolling.    But they are helpful in showing the views of other courts upon the same question.

For the foregoing reasons, I am unable to concur in the majority opinion, and therefore dissent.