### THOMPSON v. HIBBS.

[76 Pac. 778.]

AMENDING COMPLAINT — DISCRETION — EXAMPLE.

1. The use of the word "amend" in reference to a pleading necessarily implies that there is already something to correct or enlarge upon, and the practice in permitting amendments is quite liberal in this State, unless the pleading is utterly wanting in essential allegations: for example, a complaint in a suit be. tween sureties for contribution which contained the title of the court, and the names of all the parties, an allegation of the making of a note by the plaintiff, the defendants and another, and the death of the latter, a statement of the payment of such note by plaintiff, that only a part of it had been repaid, and the proportionate liability of each defendant, though defective in that it did not show for whose benefit such note was made, or that either the plaintiff or any of the defendants were sureties thereon, still contained enough of a cause of suit to justify an amendment, in the discretion of the trial court.

ACTION OR SUIT — EFFECT OF ALLEGATIONS.*

2. A complaint containing allegations that show an equitable cause only is still in equity, though it may have been called an action — the nature of the proceeding is determined by the statements in the pleading and not by what it may be called by the pleader.

---

*See also *Beach* v. *Guaranty Sav. Assoc.* 44 Or. 530 (76 Pac. 16).—REPORTER.

QUESTION FIRST URGED ON APPEAL—DEFECT OF PARTIES.
3. An objection of want of parties is waived unless urged in the trial court, and cannot be first made in the supreme court: B. & C. Comp. §§ 68 and 71.

COMPUTING INTEREST WHEN RATE HAS BEEN CHANGED.
4. The rate of interest having been changed during the interest period of an implied contract, the amount due should be computed at the old rate to the time of the change, and thereafter at the new rate.

From Multnomah: JOHN B. CLELAND, Judge.

Proceeding by T. W. Thompson against J. D. Hibbs and E. H. Jeter. In March, 1903, the plaintiff commenced a proceeding in the circuit court for Multnomah County against the defendants jointly, to recover $205 from each of them, with interest since July 1, 1901. The complaint states, in substance, that plaintiff "for his cause of action" alleges that on December 16, 1896, he and the defendants, together with one Rogers, made their joint and several promissory note to the Bank of Forest Grove for $600, due ninety days after date, with interest at the rate of 10 per cent per annum, in which they agreed to pay a reasonable attorney fee in case of suit or action; that on April 3, 1897, the plaintiff paid the note in full, together with interest thereon, no part of which has been repaid to him, except $257.58 by the Gaston Coöperative Milling Company; that Rogers has died since signing the note; that defendants are indebted to plaintiff thereon for one third of the amount due, to wit, $400, with interest at the rate of 10 per cent per annum since July 1, 1901; that $50 is a reasonable attorney's fee for bringing "this action." The prayer is for judgment against the defendants for $205 each, with interest since July 1, 1901, at the rate of 10 per cent per annum, and the sum of $50 as attorney's fees and costs and disbursements. The complaint is verified by the attorney for the plaintiff, who says that he makes the affidavit for the reason that "this action" is based upon a written promissory note for the payment of money only, and that such note was then in his possession.

A summons, similar in form to those in ordinary actions at law, was issued and served upon the defendants, who appeared and demurred to the complaint on the ground of a misjoiner of causes, and because it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, but upon an appeal the judgment was, on motion of plaintiff, reversed *pro forma,* and the cause remanded to the court below for such further proceedings as might be deemed proper. Upon an application to the trial court, the plaintiff was allowed to file an amended complaint, in which he alleges, in addition to the facts set out in his original complaint, that the promissory note given by himself, Rogers, and the defendants to the Bank of Forest Grove was for money borrowed by them for the use and benefit of the Gaston Coöperative Milling Company, and that such money was used by that company, and the note was given for its benefit and accommodation ; that the milling company repaid to the plaintiff the interest on the note to July 1, 1901, but nothing further has been paid thereon ; that Rogers was insolvent when he died, and by reason of the premises the defendants have each become liable to contribute to the plaintiff one third of the amount paid by him to satisfy the note, with interest since July 1, 1901, at 6 per cent per annum, and prays judgment of the court accordingly. A demurrer to this complaint was sustained on the ground that it did not state facts sufficient to constitute a cause of action, and the plaintiff filed a second amended complaint, which is in substance the same as the first, except that it alleges the insolvency of the milling company.

A motion to strike it from the files on the ground that the proceeding as originally commenced was an action at law, and the court had not power to permit the complaint to be so amended as to state a cause of suit in equity, was overruled, and the defendant Jeter answered. In his

answer he avers that the milling company had repaid plaintiff $257.58 on the amount paid by him to satisfy the note, in addition to the sums alleged in the second amended complaint, and prayed that if the plaintiff be permitted to recover at all he recover from him only one fourth of the sum of $500, with interest at 6 per cent since July 1, 1901. A reply was filed, admitting the payments as alleged in the answer, averring that at the time plaintiff paid and discharged the note the legal rate of interest was 8 per cent per annum, and at such rate there was due him on July 1, 1901, $540.25, after deducting all payments made thereon, and praying judgment against Jeter for one third of such amount, with interest at 8 per cent per annum from such date. Hibbs made default, and upon the pleadings the court rendered judgment in favor of the plaintiff against Hibbs and Jeter for $216.43 each, being one third of the amount paid by plaintiff in satisfaction of their joint note, after deducting the payments made thereon, including interest at 8 per cent per annum. From this judgment the defendants appeal, contending (1) that the original complaint was so lacking in substance that it could not be amended ; (2) that it attempted to state a cause of action at law, while the amended complaint endeavors to allege facts requiring the interposition of a court of equity ; and (3) that the judgment is for a larger sum than plaintiff was entitled to recover in any event.                                MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief and an oral argument by *Mr. Julius C. Moreland.*

Mr. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. Before there can be an amended pleading there must, of course, be something to amend, otherwise the pleading when filed will be an original and not an amended one; but, in our opinion there was sufficient in the original complaint to justify the court in permitting an amendment. It contained the title of the court and the names of the parties, alleged the making of the joint and several promissory note by the plaintiff and the two defendants and Rogers, the payment thereof by the plaintiff, the fact that no part of the money so paid by him had been returned except certain sums, the death of Rogers, and the liability of each of the defendants to the plaintiff for an undivided one third the amount paid by him, and prayed judgment against them for such amount. It is admitted that the complaint did not state facts sufficient to constitute a cause of action at law or a suit in equity by one surety against another for contribution, because it did not allege the name of the party for whose benefit the note was made, or that plaintiff and defendants were sureties thereon; but it manifestly attempted to state such a cause, and, however imperfect it may have been, it was sufficient to justify the trial court, in the exercise of a sound discretion, in permitting an amendment, under the liberal rules which prevail in this State : *York* v. *Nash*, 42 Or. 321 (71 Pac. 59).

2. It is insisted that the second amended complaint states or attempts to state facts requiring the interposition of a court of equity, while the original complaint was an action at law, and that the court erred in permitting an amendment which changed or attempted to change the proceeding from an action at law to a suit in equity. Conceding, for the purposes of this case only, that under our system litigants are compelled at their peril properly to designate or entitle proceedings commenced by them— that is, whether at law or in equity—and that one who

files a complaint at law, and finds he is mistaken in the forum having jurisdiction to grant the relief to which he is entitled under the facts stated, cannot amend so as to change the jurisdiction to the equity side of the court, we yet do not think the doctrine applicable here. Although the original proceeding in question was designated and conducted throughout as an action at law, the nature of the relief sought and the facts alleged, or attempted to be alleged, entitle the plaintiff to relief in equity only. Where one surety is compelled, on account of the neglect or failure of the principal, to pay or discharge a common debt, he has a right to contribution from his co-sureties, which he may enforce either at law or in equity. At law, however, he must bring an action against each surety separately for his aliquot part, which is all that can be recovered, even when one or more of the sureties are insolvent. In the latter case the proceeding must be in equity against all the co-sureties, and, upon proof of the insolvency of one or more, the payment of the amount will be distributed among the solvent parties in due proportion: *Fischer* v. *Gaither*, 32 Or. 161 (51 Pac. 736); *Easterly* v. *Barber*, 66 N. Y. 433. When, therefore, the plaintiff commenced a proceeding for contribution jointly against two of his three co-sureties, it was necessarily in equity, whatever name his counsel may have been pleased to give it. Its nature and character, from a legal point of view, are to be determined from the facts as pleaded, or attempted to be pleaded, and the relief sought, and not from what it may be called. The complaint did not change the proceeding from equity to law by simply calling or designating it as " an action," when, under the facts, relief could be granted only in equity. Thus, in *Beach* v. *Guaranty Sav. Assoc.* 44 Or. 530 (76 Pac. 16), the plaintiff brought what he denominated an " action at law." The

trial court held, however, that upon the facts stated it was a suit in equity, and overruled plaintiff's motion for a jury trial. The plaintiff declining to proceed further, the complaint was dismissed, and on appeal the decree was affirmed on the ground that the proceeding was in equity. Under our system, law and equity courts are presided over by the same judge, and it would be sacrificing justice to the merest technicality to hold that a plaintiff was not entitled to invoke the jurisdiction of the tribunal competent to grant him relief because he had mistakenly designated his proceeding in the other forum. We are therefore all agreed that the amendment allowed in this case did not in fact change an action at law to a suit in equity.

3. It is claimed that the amended complaint as filed did not state facts sufficient to constitute a cause of suit, because the Gaston Coöperative Milling Company and the personal representatives of Rogers are not parties. No such objection was made in the court below, and it is therefore waived: B. & C. Comp. §§ 68, 71; *State ex rel.* v. *Metschan*, 32 Or. 372 (46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 692).

4. In giving judgment, the court computed interest on the amount paid by the plaintiff to satisfy and discharge the promissory note to the Bank of Forest Grove at the rate of 8 per cent per annum to the date of the decree. This was error. The interest should have been computed at 8 per cent until the time the rate was changed in October, 1898, and from that time at 6 per cent: *Graham* v. *Merchant*, 43 Or. 294 (72 Pac. 1088). The decree will be modified accordingly; neither party to recover costs in this court.                    MODIFIED.