Argued May 6, decided July 13, 1909.

## RYNEARSON *v.* UNION COUNTY.

[102 Pac. 785.]

TIME—COMPUTATION—DAYS.

1. Except in special cases when otherwise provided, a prescribed period of days within which an act must be done is to be computed by excluding the first day and including the last.

HIGHWAYS—PROCEEDINGS TO VACATE—NOTICES.

2. Laws 1903, p. 264, § 8, provide that, when a petition shall be presented to the county court for vacating a county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement, posted thirty days previous to the presentation of the petition to the court at its next session. Notices were posted September 3d, reciting that application to vacate part of a county road would be made to the county court at its next session on October 3d. *Held* that, as the thirty days limited for the posting of the notices did not expire until the last hour of October 3d, they were posted only twenty-nine days prior to the next session of the county court, and the court did not acquire jurisdiction.

HIGHWAYS—VACATION—PROCEEDINGS—CERTIORARI.

3. When attention is called to a lack of jurisdiction, the duty devolves upon the court to set aside the proceedings and purge the record of informalities, though the defect has not been challenged in a formal way, and hence upon writ of review in the circuit court to review proceedings in the county court to vacate a highway, where it appeared that the county court had not

acquired jurisdiction, its order vacating the road was properly set aside, though its power to hear and determine the matter had not been formally challenged.

JURISDICTION, WANT OF—DUTY OF COURT.

4. At any stage of the proceeding, when want of jurisdiction is manifest, it is the duty of the court and on its own motion to refuse to proceed further

From Union: HENRY J. BEAN, Judge.

This is an appeal by Union County from a proceeding wherein judgment was rendered, sustaining a writ of review and setting aside an order of the county court vacating a part of a county road, from which judgment defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Francis S. Ivanhoe,* District Attorney, and *Mr Turner Oliver.*

For respondent there was a brief with an oral argument by *Mr. Eugene Ashwell.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is an appeal by the defendant from a judgment that sustained a writ of review and set aside an order of the county court of Union County vacating a part of a county road. The order referred to was annulled on the ground that notices of the application were not posted for the time required therefor, though such alleged defect was not assigned as error in the petition for a writ of review. The return of the writ sets forth a copy of the notices informing all persons that application to vacate a part of such highway would be made to such county court at its session then next ensuing; i. e. Wednesday, October 3, 1906. The return also shows that proof of publication of such notices was made by the affidavit of Wm. Miller, who, designating the places where the notices were severally posted, stated that he put them up September 3, 1906, being 30 days previous to the presenting of the petition. The statute regulating the mode of securing jurisdiction contains the following provision:

"When any petition shall be presented for the action of the county court for * * vacating * * any county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement, posted * * thirty days previous to the presentation of said petition to the county court. * * at their next session for * * vacating * * such road. Laws 1903, p. 264, § 8.

The time within which an act is required to be done shall be computed by excluding the first day and including the last.   Section 531 B. & C. Comp.   Except in special cases when otherwise provided, the general mode thus prescribed for calculating alloted periods is controlling. *Grant* v. *Paddock,* 30 Or. 312 (47 Pac. 712).

2. In application of this rule by excluding September 3, 1906, the day when the notices were posted, it will be ascertained that the 30 days limited for the advertising of the notices did not expire until the last hour of October 3, 1906, the first day of the term of the county court then next ensuing. *Boothe* v. *Scriber,* 48 Or. 561 (87 Pac. 887: 90 Pac. 1002). The notices were therefore put up only 29 days prior to the next session of the county court of Union County, when the statute hereinbefore quoted expressly commands that the notices shall be posted 30 days "previous" to the presentation of the petition.   By failing strictly to comply with such requirement, jurisdiction to close the county road was not secured by the county court; and its order vacating a part of the public highway is void.

3. The remaining question to be considered is whether an error was committed in setting aside the order of the county court, when its power to. hear and determine the matter was not formally challenged. A writ of review is allowed upon the petition of the plaintiff describing with convenient certainty the decision or determination sought to be reviewed, and setting forth the errors alleged to have been committed therein. Section 596, B. & C. Comp. In *Curran* v. *State,* 53 Or. 154 (99 Pac. 420), it is said: "When the writ of review has been issued, the petition

which initiated the proceedings has performed the office for which it was interposed, and thereafter ceases to be operative for any purpose, except, possibly, that reference may be had to it to ascertain the errors assigned." When at the trial of a cause attention is called to a lack of jurisdiction, the duty devolves upon the court to set aside the proceedings and to purge the record of informalities, though the defect has not been challenged in a formal way. *Woodruff* v. *Douglas County,* 17 Or. 314 (21 Pac. 49) ; *Cameron* v. *Wasco County,* 27 Or. 318 (41 Pac. 160) ; *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593: 113 Am. St. Rep. 943).

4. When want of jurisdiction appears, it is the duty of the court at any stage of the proceeding on its own motion to refuse to proceed further. *Evans* v. *Christian,* 4 Or. 375; *State ex rel.* v. *McKinnon,* 8 Or. 487.

Believing that no error was committed in sustaining the writ of review and in setting aside the action of the county court in the particular specified, the judgment is affirmed.                                          AFFIRMED.