Motion to dismiss appeal denied December 8, 1914.
On the merits, submitted on briefs without argument October 19, 1915.

## UNITED STATES NAT. BANK v. SHEFLER.

(143 Pac. 51; 152 Pac. 234.)

ON MOTION TO DISMISS.

**Appeal and Error—Notice—Service—"Adverse Parties."**

1. Parties who were debtors on a note and against whom a personal judgment was rendered for the amount thereof were not "adverse parties" upon whom a notice must be served of an appeal from such judgment.

**Time—Notice of Appeal—Time for Filing—Excluding First or Last Day.**

2. Under Section 550, L. O. L., as amended by Laws of 1913, page 617, requiring notice of appeal to be filed within 60 days from the entry of the decree, a notice of appeal from a decree rendered on April 30th, which was filed on June 30th, was filed in time, since the first day, which is to be excluded from the computation under Section 531, was not the day on which the decree was rendered, but the day following.

ON THE MERITS.

**Appeal and Error—Omissions from Record—Scope of Review.**

3. Where the evidence received at the trial does not accompany the transcript, the only question to be considered is whether the pleadings are sufficient to uphold the decree.

**Appeal and Error—Defect of Parties—Waiver.**

4. In a suit to foreclose mortgages which had been assigned by the mortgagee, in which defendants pleaded a cancellation of the conveyance by the mortgagee constituting the consideration for one of the mortgages, it could not be objected that the mortgagee was not a party, where no litigant objected to the defect of parties by the filing of a demurrer, or affirmatively pleaded the necessity or propriety of making him a party; his presence not being indispensable.

From Marion: William Galloway, Judge.

This is a suit by the United States National Bank, of Salem, Oregon, a corporation, against George C. Shefler and Belle M. Shefler, his wife, Ladd & Bush, a corporation, J. H. Cummings, S. C. Spencer, Beneta R. Stroud, F. J. Eldriedge and Swastika Farms Company, a corporation. From a decree in favor of plaintiff, the defendants, F. J. Eldriedge and Swas-

tika Farms Company, appeal.    Respondent moves to dismiss the appeal.                  MOTION DENIED.

For appellants there was a brief over the names of *Messrs. Conley & De Neffe* and *Dan R. Murphy.*

For respondents there were briefs by *Mr. Henry St. Rayner, Messrs. Wilbur & Spencer* and *Mr. George J. Cameron, Mr. George C. Bingham* and *Messrs. Carson & Brown.*

In Banc.    MR. JUSTICE EAKIN delivered the opinion of the court.

The ground on which this motion is based is that the appeal was not taken within 60 days from the date of the decree, and that service was not made on the Sheflers.    Laws of 1913, page 617, amending Section 550, L. O. L., provides, among other things:

"An appeal * * shall be taken by serving and filing the notice of appeal, within 60 days from the entry of the * * decree. * * "

The decree in this case was rendered April 30, 1914. The notice of appeal was served by mail.    In the return of service it does not appear when or where the service was made, except that the affidavit of mailing was sworn to June 29, 1914.    Geo. C. Shefler and Belle M. Shefler were not served although they were the debtors on said note, against whom a personal judgment for $75,000 was rendered in the decree appealed from.    The notice, with the return indorsed thereon, was filed June 30th.

1. It is suggested that the Sheflers should have been served with the notice, but they are not adverse parties.    There is no modification of the decree that can

be made on the appeal which would affect them adversely, and, as the decree ·is adverse to them, they have no interest in upholding it.

2. The service of notice having been filed June 30th, it fell within the required time, as it is just 60 days from May 1st to June 30th. In the computation of time within which an act shall be done, the statute provides that the first day shall be excluded and the day on which the act is done shall be included in the count: Section 531, L. O. L. The judgment was rendered April 30th, and within 60 days thereafter the notice of appeal must have been filed. The only question involved is the computation of the time, whether the day on which the judgment was rendered, April 30th, only shall be excluded, or the next day, May 1st, shall be the day excluded. Judge R. S. Bean, in the case of *Boothe* v. *Scriber,* 48 Or. 561 (87 Pac. 887, 90 Pac. 1002), held, in computing the time for filing the transcript, that the respondent had all day the fifth day after service of the undertaking in which to except to the sufficiency of the sureties, and that the fifth day is not the day to be excluded from the count of 30 days in which to file the transcript, but the day after shall be the day excluded from the count. The decision in that case has been followed in several cases, such as *Pringle Falls Power Co.* v. *Patterson,* 65 Or. 474 (128 Pac. 820, 132 Pac. 527), which is a similar case. And in 38 Cyc. 318, where this question is fully discussed, he finally concludes that in most jurisdictions, as a day is an indivisible point of time, the act and the day on which the act is done are coextensive, and that the day on which the act is done will not be the first day to be excluded from the count. In the case of *Vincent* v. *First Nat. Bank of Newberg,* 76 Or. 579 (143 Pac.

1100), where the same question as the one here was involved, Chief Justice McBride followed the rule laid down in the *Boothe Case,* which we will follow as the safer rule.

The motion to dismiss is denied.

MOTION DENIED.

MR. JUSTICE RAMSEY dissents.

----

'Affirmed October 19, 1915.

ON THE MERITS.

(152 Pac. 234.)

In Banc.    Statement by MR. JUSTICE HARRIS.

M. L. Jones conveyed certain real property to George C. Shefler by a deed dated January 31, 1912; and on the same day Shefler gave Jones a note for $35,000, payable two years after date, which was secured by a mortgage on the land.   On April 25, 1912, George C. Shefler and his wife, Belle M. Shefler, gave to Ladd & Bush a note for $5,000, payable on or before one year after date, and on the same day the payees indorsed the note, without recourse, to M. L. Jones, and on the following day Shefler and his wife secured the note by a second mortgage on the land described in the deed dated January 31, 1912.

The United States National Bank of Salem commenced this suit on February 15, 1914, for the purpose of foreclosing the $35,000 note and mortgage.   The defendants are George C. Shefler, Belle M. Shefler, Ladd & Bush, a corporation, J. H. Cummings, S. C. Spencer, Beneta R. Stroud, F. J. Eldriedge and Swastika

Farms Company, a corporation. The complaint alleges the execution and delivery of the $35,000 note and mortgage, and that about February 23, 1912, Jones assigned the note and mortgage to the plaintiff, who is now the owner and holder. George C. Shefler, F. J. Eldriedge and Swastika Farms Company filed an answer which alleges that Jones conveyed to Shefler certain real property which was to be held in trust for the use of F. J. Eldriedge, and that such conveyance was the consideration for the $35,000 note and mortgage; that on July 26, 1912, Jones commenced a suit against Shefler and wife, Eldriedge, Cummings, J. C. Wolfe, and E. P. Lundy, and that the suit terminated in a decree which cancels the deed from Jones to Shefler, and recites that Jones had brought the $35,000 note and mortgage into court. The answer of Eldriedge and his associates further alleges that Jones is the sole owner of the $35,000 note and mortgage; that the plaintiff instituted the suit for the benefit of Jones; and that at the time of accepting the transfer of the note and mortgage the plaintiff knew that the conveyance to Shefler constituted the consideration for the note and mortgage.

Ladd & Bush appeared by filing an answer and cross-complaint. This corporation alleges the execution of the $5,000 note to Ladd & Bush on April 25, 1912, and the indorsement without recourse to Jones; that on April 26, 1912, Shefler and wife secured the note by giving a second mortgage on the land; that afterward Jones indorsed the note to Ladd & Bush; and that he also assigned the mortgage. Shefler, Eldriedge and the Swastika Farms Company answered the pleading filed by Ladd & Bush by alleging that the real property had been transferred to Shefler in trust

for Eldriedge; that the latter applied to Jones for a loan of $5,000, and as security offered a mortgage to be signed by Shefler; that the loan was made pursuant to the offer, and the money was expended in improving the property which was covered by the mortgage. After referring to the suit commenced by Jones on July 26, 1912, against Shefler and others, the answer recites certain provisions of the decree, and alleges that Jones elected to assail the conveyance to Shefler; that Ladd & Bush had notice of such election when it accepted the transfer of the note and mortgage, and knew that the court could not annul the title held by Shefler without first canceling the note and mortgage. The affirmative defenses to the note and mortgages were placed in issue by appropriate replies. After a trial the Circuit Court rendered a decree foreclosing both mortgages, and also granting relief to defendants S. C. Spencer and Beneta R. Stroud. An appeal was prosecuted by F. J. Eldriedge and the Swastika Farms Company.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                     AFFIRMED.

For appellants there was a brief submitted over the names of *Mr. George G. Bingham, Mr. George J. Cameron, Mr. Dan R. Murphy, Messrs. Conley & De Neffe, Messrs. Brodie & Swett, Mr. E. E. Heckbert, Messrs. Wilbur & Spencer* and *Mr. Henry St. Rayner.*

For respondent there was a brief over the name of *Messrs. Carson & Brown.*

Mr. Justice Harris delivered the opinion of the court.

3, 4. The evidence received at the trial does not accompany the transcript, and therefore the only question to be considered is whether or not the pleadings are sufficient to uphold the decree: *Howe* v. *Patterson,* 5 Or. 353; *Wyatt* v. *Wyatt,* 31 Or. 531 (49 Pac. 855); *Morrison's Estate,* 48 Or. 612 (87 Pac. 1043); *Scott* v. *Smith,* 58 Or. 591 (115 Pac. 969); *Matthews* v. *Matthews,* 60 Or. 451 (19 Pac. 766); *Neal* v. *Roach,* 61 Or. 513 (107 Pac. 475); *O'Connor* v. *Towey,* 70 Or. 399 (140 Pac. 625). The decree is amply sustained by the pleadings; and, furthermore, the assignments of error do not contain any grievance arising out of the sufficiency of the pleadings, although complaint is made because M. L. Jones was not made a party to the suit. No litigant objected to a defect of parties by the filing of a demurrer; no defendant affirmatively pleaded the need or propriety of making Jones a party; the presence of Jones was not indispensable; and therefore the appellants cannot now insist that Jones should have been impleaded: *Osborn* v. *Logus,* 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997); *Cooper* v. *Thomason,* 30 Or. 177 (45 Pac. 295); *Thompson* v. *Hibbs,* 45 Or. 141 (76 Pac. 778); *Sevier* v. *Mitchell,* 72 Or. 483 (142 Pac. 780).

The real purpose of the defenses interposed against the notes and mortgages was to compel the plaintiff and Ladd & Bush to stand in the shoes of Jones. As revealed by the printed abstract, the trial court found from the evidence that both the plaintiff and Ladd & Bush purchased the notes and mortgages for a valuable consideration without notice of any infirmities. The suit commenced by Jones on July 26, 1912, ter-

minated in a decree which was reviewed by this court on appeal, and the deed to Shefler was canceled: *Jones* v. *Shefler*, 77 Or. 284 (151 Pac. 463). Referring to the $35,000 note, we stated that:

"Jones cannot have both the land and the $35,000 note signed by Shefler. If for any reason the note has been reduced to a judgment, Jones must cause it to be satisfied immediately upon the filing of the mandate in the Circuit Court. If the note has not been transformed into a judgment, Jones must at once cause the note to be canceled and surrendered. If Jones is not willing to comply with the conditions imposed, the conveyance to Shefler will not be disturbed, because as between Eldriedge and Shefler a court of equity will leave the controversy where it was first found."

Concerning the $5,000 note we said that:

"Shefler kept at least $1,000 of the $5,000 borrowed from Ladd & Bush, and Eldriedge used the remainder for improvements. Shefler should not be permitted to profit from the transaction. Except as to the $1,000 retained by Shefler and not used for improvements, the $5,000 note and mortgage should be taken care of by Jones."

It will be noted that the decree in *Jones* v. *Shefler*, 77 Or. 284 (151 Pac. 463), adjudicates the rights and equities of the interested parties and provides for every contingency. The decree of the Circuit Court in the instant case is affirmed; but it must be understood that this decree does not in any way modify or limit the directions contained in *Jones* v. *Shefler*, 77 Or. 284 (151 Pac. 463).                          Affirmed.