Argued November 27, demurrer sustained November 28, 1916.

### STATE EX REL. v. MACY, CITY ATTORNEY.*

(161 Pac. 111.)

**Time—Computation—Days—Statute.**

1. Under Section 531, L. O. L., providing that the time within which an act is to be done shall be computed by excluding the first day and including the last, etc., the filing of an initiative petition and proposed ordinance completed on November 4, 1916, to be acted upon at the election of December 4, 1916, having been filed only 29 days before December 4, 1916, did not comply with an ordinance requiring such petition to be filed 30 days before the election at which a proposed ordinance or amendment to the city charter is to be submitted or referred.

[As to computation of time, see notes in **7 Am. Dec. 250; 46 Am. Rep. 410; 78 Am. St. Rep. 872.**]

Original proceeding in Supreme Court.

Department 2.  Statement by MR. JUSTICE BEAN.

This is a *mandamus* proceeding by the State of Oregon, on the relation of Josie L. Stewart, to compel Bert Macy, as city attorney, and Charles F. Elgin, as city recorder of the City of Salem, to prepare the ballot title of a certain measure, and to cause it to be printed on the official ballot to be voted at the general election of the city on December 4, 1916.

---

*Upon the question of general rule as to inclusion or exclusion of first and last days in computation of time, see notes in 49 L. R. A. 193; 15 L. R. A. ((N. S.) 686.                    REPORTER.

On October 24, 1916, the common council of the City of Salem passed an ordinance amendatory to the one theretofore enacted, entitled:

"An ordinance to provide for carrying into effect the initiative and referendum powers reserved to the legal voters of municipalities by Section 1a, Article IV, of the Constitution of the State of Oregon, and the power to enact and amend their municipal charters reserved to the legal voters of the cities and towns by Section 2, Article XI, of the Constitution of the State of Oregon, to provide for the number of signers necessary for initiative and referendum petitions, to fix the time within which referendum petitions may be filed and ordinances become effective, to provide the time which must elapse before measures referred may be voted upon, and to provide a mode of procedure for submitting municipal measures to the people by the common council, and to repeal Ordinance No. 509, approved March 26, 1907, and to repeal Ordinance No. 685, approved June 28, 1909, and to repeal Ordinance No. 818, approved June 21, 1910."

This ordinance was numbered 1464, and approved by the mayor of the city on October 25, 1916. Among other provisions it required that initiative petitions for the amendment of the charter should be signed by a number of the legal voters equal to 15 per cent of the votes cast at the last preceding city election and filed with the city recorder "not later than 30 days before the next regular city election at which such proposed ordinance or amendment is to be submitted or referred."

The alternative writ recites, among other things, that an initiative petition and proposed measure, a copy of which is thereto annexed and marked Exhibit "A," signed by the requisite number of qualified and registered voters of the city in proper form and duly verified, was filed with the city recorder "on and be-

tween November 2, 1916, and November 4, 1916," and that the next general election of the city occurs on December 4, 1916. The writ further shows a compliance in other respects with the requirement for the initiation of an amendment to the city charter.

DEMURRER TO WRIT SUSTAINED.

*Mr. Bert W. Macy, in pro. per.,* for the demurrer.

*Mr. Samuel T. Richardson, contra.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The city officers demur to the alternative writ for the reason that it does not state facts sufficient to constitute a cause of action or entitle the relator to the relief sought therein. The former ordinance of the City of Salem provided that such an initiative petition should be filed with the recorder 60 days prior to the election at which the measure was to be voted upon. It is the contention on the part of the city that the initiative petition was not filed with the city recorder within the time provided by law. It is insisted that the ordinance amending the former ordinance and reducing the time for filing such petition to 30 days before the election did not go into effect until 10 days after the same was approved by the mayor, or until November 6, 1916, and therefore there was not time for a compliance with the terms thereof before the election on December 4th, and that the petition was not filed within the time allowed. The contrary is maintained by counsel for plaintiff. That the city council may ordain provisions for the carrying into effect of the initiative and referendum powers reserved to the legal voters of a municipality is well

settled and unquestioned. Assuming without decid-
ing that the ordinance approved October 25th is in
force, the date of the election at which it is desired to
have the initiative measure acted upon being Decem-
ber 4, 1916, by the terms of the latter ordinance such
initiative petition must be filed with the recorder not
later than 30 days before that date. In order to com-
ply with this requirement the last date upon which
such petition could have been filed was November 3,
1916. In other words, after the filing of such petition,
30 full days must elapse before the election. The
filing of the petition having been completed on Novem-
ber 4th, excluding that day only, 29 days would elapse
before December 4, 1916.

Section 531, L. O. L., provides in part as follows:

"The time within which an act is to be done, as pro-
vided in this Code, shall be computed by excluding the
first day and including the last, unless the last day fall
upon Sunday, Christmas, or other nonjudicial day, in
which case the last day shall also be excluded."

In *Rynearson* v. *Union County,* 54 Or. 181 (102 Pac.
785), in applying Section 531, L. O. L., to the statute
requiring a satisfactory proof "that notice has been
given by advertisement, posted * * thirty days pre-
vious to the presentation of said petition to the county
court," where the notice was posted upon September
3d, and the first day of the term of the County Court
then next ensuing was October 3, 1906, it was held that
such notices were posted only 29 days prior to the
session of the court: See, also, *United States Nat. Bk.*
v. *Shefler,* 77 Or. 579, 581 (143 Pac. 51, 152 Pac. 234).

It is unnecessary, therefore, to consider the question
as to whether the ordinance is in force, as in any event
the initiative petition was not filed according to the

allegations of the alternative writ 30 days before the city election, in accordance with Ordinance No. 1464.

The demurrer to the writ will therefore be sustained.

DEMURRER SUSTAINED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.