No. 12,202.

Rogers, et al. v. Howells.

Decided September 5, 1928.

Mr. T. Lee Witcher, Mr. O. P. Ray, for plaintiffs in error.

Mr. A. L. Jeffrey, Mr. J. P. Thomas, Jr., for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

The district court enjoined the plaintiff in error Rogers, as county clerk of Fremont county, from placing the name of the plaintiff in error Chapman on the Republican party primary election ballot as a candidate

for committeeman for precinct No. 1 in Fremont county. The plaintiffs in error present their application to this court to review the judgment of the trial court.

The application is made under section 7590, C. L., which provides that in proceedings of this character the decision of the lower court shall be final and not subject to review, "except that the Supreme Court may, in the exercise of its discretion, review any such judicial proceeding in a summary way."

Section 7589, C. L., requires the county clerk to send to the election officers in each precinct, *at least six days before election day,* printed lists of candidates nominated, as provided by law, to be voted for at the primary election, which is to be held this year on Tuesday, September 11. The application to review the judgment was filed after 12 o'clock Saturday, September 1. It was accompanied by the record and a brief. The next day was Sunday, and Monday was a legal holiday. On Tuesday, the fourth, at about 2 o'clock in the afternoon, the defendant in error filed an answering brief, one that required a reply. Grave constitutional questions are raised, questions of great public importance that should not be decided without full argument and mature deliberation. It is obvious that time will not permit such argument and such deliberation in the present case. Indeed, it cannot be said that the case has been submitted yet, for the plaintiffs in error have not filed their reply brief, nor have they indicated an intention to waive the filing of such brief and submit the case on the two briefs already filed. No decision on the merits could be rendered in time to enable the county clerk to send the lists to the election officers within the time required by section 7589, C. L., supra.

In the circumstances, we cannot, in justice to ourselves, consent to review the judgment of the district court. The application of the plaintiffs in error is denied.

Mr. Chief Justice Denison, Mr. Justice Burke and Mr. Justice Walker did not participate.