No. 15,134.

LUEDKE ET AL. *v.* TODD, TOWN CLERK.
(124 P. [2d] 932)

Decided April 13, 1942.

Mr. FRED A. VIDEON, for plaintiffs in error.

Mr. J. F. MEADOR, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS case arose in the district court of Routt county, and comes to us from that court on writ of error. Two of the plaintiffs in error, who were plaintiffs below, are officers of the People's Party of the Town of Oak Creek. The remaining plaintiffs are nominees of the People's Party for mayor and trustees of the town. On March 4, 1942 they brought this action against defendant as Town Clerk of Oak Creek to compel him to accept and file certificate of nomination of candidates for the People's Party "as of the 20th or 21st day of February, 1942," and to certify and have printed on the official ballot the names of the persons nominated for mayor and trustees by the People's Party to be voted on in an election to be held on April 7, 1942.

On motion of plaintiffs, the court, because of the shortness of time and by virtue of rule 12 C (a) of the Colorado Rules of Civil Procedure, set the date of the trial for March 17, 1942.

The answer of the defendant was filed March 9, 1942. After trial, on March 17, 1942, judgment was also entered the same day by the court as follows: "That the certificate of nomination of the People's Party was not made 'not less than 45 days' before election, so that the nominations sought to be made by said certificate are not valid. Further: that the action of the Vacancy Committee in naming a Mayor and Two Trustees, by the People's Party, is valid." Attorneys for both plaintiffs and defendant except to the adverse rulings. On March 20, 1942, the district court made a supplemental finding as follows: "After the Court announced its decision, and upon request of counsel for the Plaintiff, the Court makes the following additional finding, to-wit: The Court finds that the Certificate of Nomination, Exhibit A, was tendered to the Town Clerk for filing and should have been filed on February 21, 1942, which the Court finds was not in apt time under the Statute."

Motion for summary hearing in election controversy, notice of election to proceed under such summary hearing, petition for review of election controversy and specifications of error were filed in this court March 25, 1942; and briefs of the parties hereto were before us March 31st, plaintiffs in error having waived filing of reply brief. Because of the nature of the controversy and the limited time before the election on April 7th, speedy determination became necessary and we accordingly took jurisdiction in this case under section 80, chapter 59, volume 3, '35 C.S.A. That section, so far as it is pertinent to this case, reads as follows: "§80. Objections to Nominations.—All certificates of nomination which are in apparent conformity with the provisions of this subdivision, shall be deemed to be valid, unless objection thereto shall be duly made, in writing, within three (3) days after the filing of the same. * * * The officer with whom the original certificate is filed shall pass upon the validity of all objections, whether of form or substance, and his decision upon matters of form shall be final. His decisions upon matters of substance shall be open to review, if prompt application be made, as provided in section 203 of this chapter. But the remedy in all cases shall be summary, and the decision of any court having jurisdiction shall be final, and not subject to review by any other court, except that the supreme court may, in the exercise of its discretion, review any such judicial proceeding in a summary way; * * *." The defendant in his brief also admits that the matter of review in this case by this court is entirely discretionary with the court. *Rogers v. Howells,* 84 Colo. 360, 270 Pac. 552.

Counsel for both plaintiffs and defendant agree that section 7, chapter 124, S.L. '41, is the provision that governs the time within which the nominations must be filed in the instant case. This provision reads as follows: "Certificates of nominations made according to the provisions of sections 71 and 73 of this chapter shall

be filed not less than forty-five (45) days before election.".

Defendant's counsel, in support of the district court's ruling that the People's Party nomination had not been filed in time, cites *Cowie v. Means,* 39 Colo. 1, 88 Pac. 485, and *Seawell v. Gifford,* 22 Ida. 295, 125 Pac. 182. Because of the different wording of the statutes respectively construed in those two cases, we do not believe that the rulings in those cases apply in the instant case as setting up a guide for the computation of time within which certificates of nominations shall be filed. We believe that the method of computation of time adopted in the case of *Stebbins v. Anthony,* 5 Colo. 348, is the method that should be applied in the instant case. In that case we said:

"The point raised that the words 'at least' prefixed to the number of days specified in a statute have the effect to require full, clear days, is not sustained by the weight of authority.

"An examination of the cases cited, discloses the fact that many of them involve the construction of statutes which include these words, and that such statutes have been interpreted as if the words had been omitted. And in the case of *The Queen v. The Justices,* 8 Adol. & El. 173, where it was held that fourteen days at least, mean fourteen clear days, the ruling appears to have been regretted by the judges who made it, Littledale, J., saying: 'We abide by what has already been decided, though it appears to me that a day is a day, whether at least be added or left out.' Coleridge, J., concurred in the decision, adding—'but on principle I should be of a different opinion.'

"The courts of Georgia, Texas, some of the New York cases, several English decisions, and possibly other cases, conflict with the rule which we adopt, but we think it sufficiently supported by authority, and that it is correct on principle."

Having adopted the foregoing interpretation of the

words "at least" in the *Stebbins case, supra*, it would seem to be inconsistent for this court now to put a different interpretation on the words, "not less than," in the applicable portion of the statute in the instant case. In fact, in American Jurisprudence, volume 18, page 262, section 130, we read: "The statutes are varied in their phraseology, and the decisions as to the computation of time vary accordingly. It may be said, however, that the number of days is ordinarily computed by counting the consecutive days backward from the date of the election, and that of a specified number usually the first day is to be included and the last day excluded. Where the statute requires the filing of a petition not less than twenty days before the primary, the computation is made by counting back twenty days, excluding the day of election, and a petition filed on the twentieth day is in time; but if the statute requires the petition to be filed 'at least twenty days prior' to the primary, the petition must be filed at least one day earlier than is required under the other phraseology mentioned—that is, the filing must be accomplished without the twenty-day period, and not within it."

From the foregoing it would appear that even had we adopted the method of computation above referred to as in effect in Georgia, Texas and New York in those statutes using the words "at least," we would still be justified in granting an additional day for filing under a statute using the words "not less than" in computing time within which a nomination petition could be filed. Inasmuch as we have already adopted the more liberal interpretation in a statute using the words "at least," we feel additionally justified in holding that the method of computing time in the instant case must be not less generous than that applied in the *Stebbins case, supra*. By applying the method of computation of time used in the *Stebbins case, supra*, it will be seen that a certificate of nomination filed with the Town Clerk of Oak Creek on February 21st would still be in time for a

town election in Oak Creek to be held on April 7th.

We therefore, on April 1, 1942, issued an order reversing the judgment of the lower court in so far as it held invalid the certificate of nomination of the People's Party for the reason that it had not been filed "not less than 45 days before election," and we granted the prayer of the plaintiffs' complaint.