Argued September 8, demurrer overruled; peremtory writ of
mandamus issued September 9, 1960

# STATE OF OREGON EX REL SMITH *v.*
# APPLING
355 P. 2d 760

*Lamar Tooze* and *Lamar Tooze, Jr.*, both of Portland, argued the cause and filed a brief for plaintiff.

*E. G. Foxley,* Deputy Attorney General, Salem, argued the cause for defendant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

WARNER, J.

Elmo Smith, the relator, is the 1960 primary election nominee of the Republican party for the office of United States Senator. On August 30, 1960, he tendered to the Secretary of State his statement and picture for printing in the "General Election Pamphlet," an election document described in ORS 255.211. The Secretary of State, acting on the advice of the Attorney General, refused to accept it. He contends that it was not filed within the time fixed by that section of the code; that is, that a filing on August thirtieth did not comply with the requirement that the statement must be filed "not less than 70 days before the * * * general election," which is November 8, 1960. Thereafter, relator filed his petition in this court for a writ of mandamus to compel the Secretary of State to accept and file relator's tendered material and thereafter include the same in the Voters' Pamphlet. The Secretary of State demurred to the ensuing alternative writ on the ground that it did not

state facts sufficient to constitute a cause for mandamus against the defendant.

The sole issue is whether relator made a timely tender. Both parties agree that August thirtieth was the seventieth day before the election. Both attain that result by excluding November eighth, the election day, and including November seventh as the first day of the backward count and concluding with August thirtieth as the seventieth day. The relator contends that a filing on the seventieth day complies with the statute. The defendant contends that a filing on the seventieth day does not comply—that 70 full or clear days must intervene between the filing and the election; in other words, that the filing must be made on the seventy-first day. He argues that August twenty-ninth, or the seventy-first day, is the last day upon which filings could be accepted.

Both parties invoke ORS 174.120 as the controlling statute for justifying their respective computations. The defendant relies particularly upon *State ex rel Stewart v. Macy*, 82 Or 81, 161 P 111 (1916), in support.

ORS 174.120 in substantially its present form has been a part of the law of this state from 1864 to 1949. It was then amended for the first time (Oregon Laws 1949, ch 287, p 411). Prior to 1949 and thereafter and until 1953, it in fact comprehended two rules. The first sentence or first rule related to the computation of time "within which an act is to be done." The second and only additional sentence or second rule related to the computation of time for the publication of legal notices. Later, by reason of the provisions of Oregon Laws 1953, ch 3, p 20, revising the statute laws of Oregon, each rule was codified as a separate

statute. In Oregon Revised Statutes the first rule of computation was with slight change codified as the current ORS 174.120. The second rule, relating to publication of notices, was codified as ORS 193.060, a part of code ch 193, relating to legal notices.

We are here only interested in determining the proper construction to be accorded to ORS 174.120 in its application to the matter at bar. It reads:

> "The time within which an act is to be done, as provided in the civil procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

We have already noted that the defendant relies on ORS 174.120 as furnishing the governing rule for the determination of time. He also, and properly, makes a "backward" counting. Therefore, the only difference between the parties is reduced to the simple proposition of what is the proper "first day" and proper "last day" when figuring the length of time when the situation, as here, requires a backward count.

■ Any computation of the length of a given period of time must start from some known or established day. Such a day necessarily is the "first day" in the mathematical reckoning whether it be from that point forward or backward. The "last" day as used in ORS 174.120 is the other terminal point of a given period. We are of the opinion that the formula supplied by the statute last mentioned logically applies with equal force to the measuring of any given period of time whether the only known or established date is one which previously occurred or is, instead, a known future one.

In 86 CJS 856, Time § 13(5), we find the following statement:

"* * * the authorities have held that the fact that such a phrase as 'at least' or 'not less than' is prefixed to the number of days named will in no wise affect the result or the method of computation, and will not demand clear or entire days, and only mean days as counted in law, except where clear days are patently indicated. Accordingly, in computing a period of time expressed as 'at least,' 'not less than,' or 'not later than' the specified time 'before,' or 'prior,' or 'previous' to a designated day, either of the terminal days may be included and the other excluded."

It must be remembered that ORS 255.211, supra, says "not less than *70 days* before * * * the election." [Emphasis supplied] It does not say that the filing shall be *prior to 70 days before election,* or that the act of filing shall be on the *seventy-first day before the election*; nor does it say *70 days shall intervene between election day and the filing.*

■ If it is from some date previously occurring, such as one of the instances referred to in *Beardsley v. Hill,* 219 Or 440, 348 P2d 58 (decided December 23, 1959), then the calculation is made, of course, forward or prospectively from such date. If, however, as here, the only fixed date is a future one (as a date of election), then, to use a phrase from *Beardsley v. Hill,* supra (at 61), it is one of "the other events which precipitate or require the beginning of the computation of time." And in that event the time period is computed backward counting consecutively or retrospectively from that date.

■ If we follow the mandate of the statute (ORS 174.120) in the present case and *exclude the first or initial day* (election day) and *include the last day,*

we find that the filing attempted by the relator was tendered on the seventieth day before the election or in the statutory words: "Not less than 70 days before the * * * election," and, therefore, in time.

The formula for the measurement which we employ in this matter has substantial support in other jurisdictions when applied under like circumstances. See *State v. Lacklen,* 129 Mont 243, 284 P2d 998 (1955); *Barron v. Green,* 13 NJ Super 483, 80 A2d 586 (1951); *State ex rel Earley v. Batchelor,* 15 Wash2d 149, 130 P2d 72, 74 (1942); *Luedke v. Todd,* 109 Colo 326, 124 P2d 932 (1942); *Oliason v. Girard,* 57 Ida 41, 61 P2d 288, 290 (1936); *Cosgriff v. Board of Election Com'rs.,* 151 Cal 407, 91 P 98 (1907).

The holdings in the cases last cited commend themselves to us as establishing the correct rule when the computation of a time period must be made backward from a known future date. Each is on all fours with the facts we confront here. Each case involves the reckoning of the proper time in which to make certain filings under the election laws of the respective states. Each of the several states requires a construction of the minimum filing time under statutes which provide that the particular filing shall be made not less than a designated number of days "before the * * * election [primary or general]." Each state above named has a statute for the computation of time identical with or comparable to our ORS 174.120 and in each of the foregoing cases the court computes the period for filing in the manner that we do in the case before us; that is, excluding the election day, and counting backward for the number of days stipulated by the statute and including the last day in accordance with such reckoning.

Some confusion has resulted from our decisions predicated upon the rules for the computation of time as embodied in what since 1953 now are ORS 174.120 and 193.060. In 1958 the Attorney General advised the then Secretary of State to accept and file certain tendered pamphlet material and upon a time computation consistent with the one we presently approve (see Ops Atty Gen, 255 [1956-1958]). In the instant matter, he reverses the formula employed two years before. We do not say this in criticism but by way of illustrating the uncertainty he and, no doubt, many others have experienced.

The very salutary holding in *Beardsley v. Hill*, supra, clarifies uncertainty in the application of the formula as it is presently stated in ORS 174.120, but only in so far as it is invoked to measure periods of time predicated upon events which precipitate or require the beginning of the computation time forward from a fixed date to an undisclosed future date. But *Beardsley v. Hill*, supra, consistent with the factual problem then confronting the court, did not reach or rule upon the particular time computation of matters falling within the category to which this case falls; that is, when the point of reckoning is backward from a known future date to an unknown prior date to be determined by application of the formulas provided by ORS 174.120.

It is our intention by the method herein adopted and applied to allay all doubts and dissipate such confusion as may have heretofore existed as to the proper formula to follow when the situation requires a backward count from a fixed future date as the point of beginning. The result is, and we so intend, to make this opinion as supplemental to and place it in harmony with *Beardsley v. Hill*, supra, and thus give to

ORS 174.120 a more comprehensive construction of that section than was necessary when Beardsley was written.

To further insure that end, we overrule all cases in conflict herewith not overruled in *Beardsley v. Hill,* supra, and specifically *State ex rel Stewart v. Macy,* supra, excepting, however, such cases dealing with the rule for the computation of time for the publication of notices, as provided in ORS 193.060, and its earlier counterpart, which prior to 1953 and from 1864 had been a part of all the sections which also included the rule now separately codified as ORS 174.120.

If and when we are met with a problem requiring a construction of ORS 193.060, it will then be time enough to clarify or harmonize, if necessary, any prior decisions of this court respecting the formula provided therein for computing time under its provisions for the publication of legal notices.

It is obvious to us that much of the uncertainty inspired by some of our earlier decisions, and particularly by *State ex rel Stewart v. Macy,* supra, has in large part been the product of the years when the two statutory rules for computing time were cojoined in one act and for 90 years thereafter codified together as a separate section in each of our previous codes.

*State ex rel Stewart v. Macy,* supra, so heavily relied upon by defendant's counsel, offers a fair illustration. It was a proceeding in mandamus to compel the City Recorder of Salem to prepare a ballot title for a certain measure filed with him "on and between November 2, 1916, and November 4, 1916," and cause it to be printed on the official ballot to be voted at the city's general election on December 4, 1916. The

election ordinance relied upon directed that initiative petitions properly signed should be filed with the City Recorder "not later than 30 days before the next regular city election  *  *  *." This court, relying on the rule found in ORS 174.120 (then § 531, LOL), reckoned the time precisely as did the Attorney General in this matter and sustained the demurrer to the alternative writ.

In so doing the court rested its judgment solely on two earlier cases: *Rynearson v. Union County,* 54 Or 181, 102 P 785 (1909), and *U. S. Nat. Bank v. Shefler,* 77 Or 579, 581, 143 P 51, 152 P 234 (1915). The Rynearson case was a challenge to the legal sufficiency of certain posted notices determinable by the second rule or last part of § 531, LOL (now ORS 193.060), and, therefore, is not authority for a computation of time provided by the first rule of § 531, LOL (now ORS 174.120). *U. S. Nat. Bank v. Shefler,* supra, has since been specifically overruled in the Beardsley case, supra (at 61). When thus evaluated, it fails to support the conclusions urged upon us by the Secretary of State.

The defendant in his brief also argues that *Watson v. City of Salem,* 84 Or 666, 164 P 567, 164 P 1184 (1917), and *In re Board of Directors of North Unit Irr. Dist.,* 91 Or 33, 178 P 186 (1919), are controlling in this matter. But an examination of those cases reveals that both related to the calculation of time for the publication of certain legal notices in newspapers. The court in reaching its conclusion in each case made its computation, not under the rule codified as ORS 174.120, but under the properly applicable rule which we now know as ORS 193.060. Hence, they, too, have no value here.

By making the method of computing time backward

conform with the method of computing time forward as established in the Beardsley case, we think our opinion will produce desirable uniformity.

The demurrer to the alternative writ is overruled. A peremptory writ will issue.

GOODWIN, J., dissenting.

The only question before the court is whether or not ORS 255.211 requires 70 full days to elapse between the last day for filing pamphlet material and the day of the election. The statute reads:

"(1) Not less than 70 days before the regular biennial general election, the state executive committee or managing officers of any political party or organization having nominated candidates may file with the Secretary of State:

"* * * * *"

The petitioner contends that when he filed his material on the seventieth day before the election, he was filing "not less than 70 days before the election," as the statute demands. The Secretary of State contends that such a method of counting, while possibly desirable, does not satisfy ORS 255.211.

The majority applies ORS 174.120 to the facts here. ORS 174.120 specifically provides a method for the counting of time *within which an act is to be done.* It makes no reference to the various statutes which require a certain time to *intervene* between events.

An illustration will show what is meant by ORS 174.120. Suppose a judgment is entered on July 1, 1960. The party desiring to appeal has 30 days within which to file his notice of appeal. Omitting the day the judgment was filed (July 1) and counting 30 days, beginning with July 2, July 31 is the thirtieth day

within which the notice can be filed. This means all day July 31. A notice filed at any time on the thirtieth day is filed *within* 30 days because ORS 174.120 provides that an act may be done within a given number of days, obviously including all of the last day.

In *Beardsley v. Hill,* 69 Adv Sh 1023, 219 Or 440, 348 P2d 58, the court settled the method of counting time. That was all that *Beardsley v. Hill,* supra, decided. There is now no controversy about the method of computing time. The date of the precipitating event is excluded, and all other days are counted. *Beardsley v. Hill,* supra, was so understood by both parties to the case at bar, and is so understood by the majority and the minority in the instant case. The majority can take no refuge in the *Beardsley case.* The *Beardsley case* simply eliminated the error that had crept into the counting of days under some conflicting earlier decisions. Some earlier cases had stretched 30 days to 31 days by excluding both the day of the precipitating event and the day thereafter. If the cases overruled by the *Beardsley case* were followed in the matter at bar, 71 days would have to intervene between the last day for filing and the day of the general election. No one suggests this result.

Turning to the matter at bar, ORS 255.211 does not provide that the tender of pamphlet material may be received *within* 70 days of the election date. The material must be filed *within* a period which *expires not less than* 70 days before an election. The basis of this dissent is the reading of ORS 255.211 to mean that the material must be in the Secretary of State's office not less than 70 days. If the statute means literally what it says, then the 70 full days constitute a proscribed period, within which material cannot be filed.

The majority cites a number of decisions from other courts. If the matter were one of first impression in Oregon, a case could be made for the adoption of the rule arrived at in our sister states, even though the reasons given are not uniformly clear. These cases hold that if the filing period expires a given number of days before an election, the first day of the proscribed period is also the last day for filing, an innocent overlapping of two periods on the same day. However, the matter is not one of first impression in this state. The majority recognizes this problem and solves it by overruling the case of *State ex rel Stewart v. Macy,* 82 Or 81, 161 P 111.

In the *Macy case* this court held:

"* * * the date of the election at which it is desired to have the initiative measure acted upon being December 4, 1916, by the terms of the latter ordinance such initiative petition must be filed with the recorder not later than 30 days before that date. In order to comply with this requirement the last date upon which such petition could have been filed was November 3, 1916. In other words, after the filing of such petition, 30 *full* days must elapse before the election. The filing of the petition having been completed on November 4th, excluding that day only, 29 days would elapse before December 4, 1916." (Emphasis added.) 82 Or at 84.

The *Macy case* considered an ordinance which said "not later than" 30 days. In the case now before the court, the law says "not less than" 70 days before the election.

The majority opinion relies upon a statement in 86 CJS 856, Time § 13 (5), to the effect that such phrases as "at least" or "not less than" will not demand

that full or complete days be counted. But our own previous pronouncement on this same matter is to the contrary. In *Watson v. City of Salem,* 84 Or 666, 671-72, 164 P 567, 164 P 1184 (1917), it is stated:

"* * * The words 'not less than,' like the language 'at least,' signify 'in the smallest or lowest degree; at the lowest estimate'; and legislation prescribing 'not less than' or 'at least' a specified number of days is usually construed to mean clear and full days for the specified period of time [citing authorities]. Emphatic as is the word 'for' it is, if possible, made still more emphatic by the accompanying language 'not less than'; and when combined these words unmistakably mean that the notice must be published for a period of time which cannot be less than five full successive days. In brief, the notice must be published five full days before the right to submit bids is closed."

In overruling the *Macy case,* the majority opinion may cause doubt concerning the method of counting time which must elapse in a variety of other situations. The statutes are replete with provisions requiring the passage of time between events. One can think of dozens of situations in which the law provides that some action must be withheld for 10 days, or notice must be given 30 days prior to an act, or bids may not be opened until a given time after the invitation for bids. In each of these situations it has been sufficient, since the decision in the *Macy case,* to rely upon the proposition that the elapsed time must be the given number of full days. It is hoped that the overruling of the *Macy case* will not open the door to confusion in an unforeseeable number of future cases.

The majority opinion says that its result follows from the wording of ORS 174.120. If the method of

counting the days within which an act must be done requires full days, how then can less than full days satisfy a statute which requires the passage of time during which an act cannot be done? It would be more logical and more certain of application to hold that full days are required in both cases.

I would sustain the demurrer.

SLOAN and O'CONNELL, JJ., concur in this dissent.