**PRADO PARTNERS,**
*Plaintiff,*

*v.*

**LANE COUNTY ASSESSOR,**
*Defendant.*

(TC-MD 030536F)

Oral argument was held by telephone September 22, 2003.

David E. Carmichael, Eugene, argued the cause for Plaintiff.

Bill Weeks, Lane County Assessor, Lane County Department of Assessment and Taxation, argued the cause for Defendant.

Decision for Plaintiff rendered October 27, 2003.

**SALLY L. KIMSEY, Magistrate.**

This matter was set for trial on September 22, 2003. On the morning of trial, Plaintiff's counsel, David

Carmichael, moved to exclude Defendant's exhibits as not being timely. The court allowed the parties to submit written arguments supporting their positions. The trial was rescheduled to November 4, 2003.

Defendant hand delivered its exhibits to Plaintiff on Monday, September 15, 2003. A copy of those exhibits was given to a courier on Friday, September 12, 2003, for delivery to the court. The court received Defendant's exhibits on Tuesday, September 16, 2003.

■ Tax Court Rule-Magistrate Division (TCR-MD) 10 C governs the submission of exhibits prior to trial. That rule provides:

> "The early exchange of information is encouraged. Each party shall provide the court and the other parties with copies of all exhibits to be introduced into evidence in support of that party's case. **All exhibits must be either postmarked at least 14 days before the trial date or physically received at least 10 days before the trial date.** A magistrate may exclude any evidence received after that time, sanction any party who withholds information, or use any other measure the magistrate considers appropriate."

(Emphasis in original.)

■ Because the rule quoted above does not detail how the time period is to be calculated, the court looks to the Regular Division Rules for guidance, specifically Tax Court Rule 10 A, relating to computation of time periods. *See* TCR-MD Preface. TCR 10 A provides, in relevant part:

> "In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday or a legal holiday, including Sunday, in which event the period runs until the end of the next day which is not a Saturday or a legal holiday."

■ The question then becomes what is the first day in which the 10-day period referred to in TCR-MD 10 C begins to run. The Oregon Supreme Court faced a computation of time issue in *State ex rel Smith v. Appling*, 223 Or 576, 355

P2d 760 (1960). The *Smith* court interpreted ORS 174.120.[1] The relevant portion of the statute states that the computation of time "is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

■      In interpreting the statute the court reasoned that:

"Any computation of the length of a given period of time must start from some known or established day. Such a day necessarily is the 'first day' in the mathematical reckoning whether it be from that point forward or backward. The 'last' day as used in ORS 174.120 is the other terminal point of a given period. We are of the opinion that the formula supplied by the statute last mentioned logically applies with equal force to the measuring of any given period of time whether the only known or established date is one which previously occurred or is, instead, a known future one."

*Smith*, 223 Or at 579. Therefore, the court held that "[i]f * * * the only fixed date is a future one * * * then * * * the time period is computed backward counting consecutively or retrospectively from that date." *Id.* at 580. The same logic applies here.

The trial in the present case was scheduled for September 22, 2003. The first day in the calculation is September 22, 2003. It is not included in the calculation pursuant to the guidance given by TCR 10 A. Counting 10 days backward from September 22, 2003, leads to Friday, September 12, 2003.[2] Plaintiff received Defendant's exhibits

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001. The language quoted above is identical to the language quoted by the *Smith* court. *Smith*, 223 Or at 579. Further, the relevant language has been substantially the same since 1864. *Id.*

[2] The precise calculation is as follows:

| | |
|---|---|
| 1st day | September 21, 2003 |
| 2nd day | September 20, 2003 |
| 3rd day | September 19, 2003 |
| 4th day | September 18, 2003 |
| 5th day | September 17, 2003 |
| 6th day | September 16, 2003 |
| 7th day | September 15, 2003 |

seven days before trial; the court received Defendant's exhibits six days before trial. Given that the exhibits are not materials previously exchanged in any format, the court must exclude Defendant's exhibits. Now, therefore,

IT IS ORDERED that Defendant's exhibits are excluded from trial.

IT IS FURTHER ORDERED that, consistent with the oral ruling of the court on September 22, 2003, neither party may use TCR-MD 10 C to submit additional exhibits for the rescheduled trial date of November 4, 2003.

---

| 8th day | September 14, 2003 |
| 9th day | September 13, 2003 |
| **10th day** | **September 12, 2003** |