(83 N. W. Rep. 914.)

---

STATE EX. REL. WILLIAM J. ANDERSON *vs.* FRED FALLEY.

Opinion filed October 26, 1900.

**Certificate of Nomination Must Designate Office.**

Section 499, Rev. Codes, requires certificates of nomination to
designate the particular office for which the person named in the
certificate was nominated, and a certificate not complying with that
provision cannot properly be filed by the secretary of state.

**Time of Filing Certificate of Nomination.**

Section 503, Rev. Codes, requires certificates of nomination to be
filed with the secretary of state not less than 30 days before election.
A certificate filed 29 days before election cannot be legally filed by
the secretary. The statute is mandatory.

**When Last Day Falls on Sunday—Effect.**

The fact that the thirtieth day before election fell on Sunday will
not change this rule. Section 5127, Rev. Codes, relating to excluding
holidays, has no application to a case of this kind.

Application, on the relation of William James Anderson, for man-
damus against Fred Falley, secretary of state.
Writ quashed.

*Bosard & Bosard*, for relator.

*Cochrane & Corliss*, for respondent.

BARTHOLOMEW, C. J.   This is an original application to this court for a writ of mandamus commanding the defendant, as secretary of state, to certify the name of relator to the auditors of the counties composing the First judicial district, to be placed in the Republican column on the ballot to be voted at the general election to be held on November 6, 1900.   The alternative writ was issued, and the affidavit of relator, upon which the writ was asked, was attached to and made a part of the writ.   It will be unnecessary to set out the facts in *extenso*.   We recite only sufficient to explain our ruling. On October 6, 1900, a paper purporting to be a certificate of nomination of relator was received at the office of the secretary of state.   This certificate was duly verified on August 8, 1900, by the parties claiming to be the chairman and secretary of the convention making the nomination.   But the certificate failed to state for what purpose the convention making the nomination was called, or for what office relator was nominated.   On said October 6th the secretary of state returned said certificate to the said chairman of said convention, pointing out by letter the defects above stated.   On October 8, 1900, said certificate was received by said chairman at Grand Forks, and on that day was changed by interlining the missing averments, and returned by registered mail to the secretary of state, and was received at Bismarck on October 10, 1900.   It was not verified after it was amended, nor is it shown that the secretary of the convention ever saw it after the verification on August 8th.   The secretary of state refused to treat it as a certificate of nomination or to certify the relator's nomination to the proper county auditors.

Upon the return of the alternative writ, the defendant moved to quash the same on the ground that the facts set forth in relator's affidavit did not justify the issuance of the writ.   This motion must be sustained.   Section 499, Rev. Codes, contains this language: "The certificate of nomination, which shall be in writing, shall contain the name of each party nominated, his postoffice address, and the office for which he is named."   The designation of the office is matter of substance, and not a mere formal matter, like the address.   Unless the office be named, the secretary cannot certify the name to the county auditors, because its place upon the ticket could not be fixed.   In *Lucas* v. *Ringsrud,* 3 S. D. 355, 53 N. W. Rep. 426, it is said: "The first certificate of the nominations made by the Prohibition party, as shown by the exhibit, is clearly insufficient, because it fails to give the residence or business address of any of the officers purported to be nominated, and it also fails to state the places of residence, the business, and business addresses of the presiding officer and secretary of the convention or primary meeting at which such nominations were made, and was therefore

properly rejected. What the certificate of nomination shall contain is plainly stated in the statute, and any one who wishes to avail himself of the benefits of this law must substantially comply with its requirements. Until this is done, the secretary of state is justified in refusing to place such a document on file." Under this decision, as well as under the express words of our statute, the certificate, when first presented, was clearly insufficient, and the secretary could not receive or file the same. When the amended certificate was presented, granting that it was, in law, presented when placed in the registered mail at Grand Forks, it was too late. Section 503, Rev. Codes, declares: "Certificates of nomination to be filed with the secretary of state shall be filed not less than thirty days before the day fixed by law for the election of the persons in nomination." This time limit has been held mandatory by every court that has ever passed upon a similar statute, so far as we can ascertain. See *Lucas* v. *Ringsrud,* supra; *State* v. *Piper* (Neb.) 69 N. W. Rep. 383; *Hallon* v. *Center* (Ky.) 43 S. W. Rep. 174; *In re Cuddeback* (Sup.) 39 N. Y. Supp. 388.

The date of the election was November 6, 1900. The amended certificate was placed in the mail October 8, 1900. Excluding the latter date, and including the day of election, the certificate was mailed 29 days before election. Under a mandatory statute, a default of 1 day is as fatal as a default of 20 days. True, the thirtieth day preceding the day of election was Sunday, and a legal holiday, under section 5124, Rev. Codes; and section 5127, Id., reads: "Whenever an act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed." But this section has no application to the performance of the act under consideration. As the general election always falls on Tuesday, it follows that the thirtieth preceding day is always the fifth preceding Sunday. It is not a case where the date may or may not fall upon Sunday. The date must fall on Sunday every time. If we say the holiday provision must apply to this time limitation, then the legislature fixed a limit of 30 days, well knowing that it must be 29 days in every instance. That would seem absurd. But the terms of section 5127 exclude this limitation. That section says that when an act is appointed "to be performed upon a particular day," etc. But this act is not appointed for a particular day. It must be done not less than 30 days before election. But there is no limit to the extension of this time. The certificate may be filed any number of days exceeding 30 before the election. If the limitation declared that the certificate must be filed on the thirtieth day before election, then the statute would apply. But the distinction seems very clear. The Supreme Court of California has placed the same construction upon an identical statute under practically the same facts. *Griffin* v. *Dingley,* 46 Pac. Rep. 457. When the amended certificate was

presented, the secretary was without authority to file it, and hence he cannot be required to certify the nomination therein contained. The alternative writ of mandamus heretofore issued in this case is quashed. All concur.