(July 10, 1912.)

JOHN L. SEAWELL, Plaintiff, v. WILFRED L. GIFFORD,
Secretary of State, Respondent.

[125 Pac. 182.]

SECRETARY OF STATE—OFFICE HOURS—PRIMARY ELECTIONS—CERTIFICATE
OF NOMINATION—TIME OF FILING—ACCEPTANCE OF NOMINATION—
TIME OF FILING.

(Syllabus by the court.)

1. Under the provisions of sec. 339, Rev. Codes, the secretary
is required to keep his office open for the transaction of business from
10 A. M. until 4 P. M., except upon holidays.

2. The provisions of sec. 5 of the election laws, as amended by
Sess. Laws of 1909, p. 197, require a certificate of nomination to be
filed with the secretary of state at least thirty days and not more
than sixty days prior to the primary to be held to nominate candi-
dates for such office, and a certificate presented for filing twenty-
nine days before the election cannot be legally filed by the secretary
of state.

3. The provisions of that statute are mandatory.

4. Under said statute, at least thirty days must intervene between
the date of the filing and the date of the primary.

5. Sec. 11 of the Rev. Codes provides that a holiday shall be ex-
cluded when it is the last day in which any act provided by law is
to be done, and sec. 12 refers to an act which is to be done upon a
particular day, and said sections have no application to this case, as
the election law requires nomination papers to be filed at least thirty
days prior to the date of the primary, and such paper cannot be
legally filed within such thirty-day period.

6. Under the provisions of sec. 10 of the direct primary law, the
time for filing an acceptance of nomination by a candidate is com-
puted by excluding the first day and including the last day, unless
the last day is a holiday, in which case it is also excluded and the
candidate has until the following legal day to file his acceptance.

Original application to this court for a writ of mandate
commanding Wilfred L. Gifford, secretary of state of the
state of Idaho, to receive and file a certificate of nomination.
Application *denied*.

---

---

Frank Martin, J. R. Smead, and W. A. Ricks, for Plaintiff.

Thirty clear days are not required. This is assumed in cases cited by defendant's brief (*State ex rel. Anderson v. Falley,* 9 N. D. 464, 83 N. W. 913; *Griffin v. Dingley,* 114 Cal. 481, 46 Pac. 457), and is definitely decided in the following case: *Cosgriff v. Board of Commissioners,* 151 Cal. 407, 91 Pac. 98.

The statutory rule for computation of time applies to this period as well as any other. (Ida. Rev. Codes, sec. 11.)

Under this rule the sixtieth day prior to election is excluded, and the thirtieth day prior included.

In this case, the last or thirtieth day prior to the primary election always falls on Sunday. Sunday is a legal holiday.

"At least" is not necessarily a mandatory phrase. This has been held in cases similar to the case at bar. (*State ex rel. Steadley v. Stuckey,* 78 Mo. App. 533; *Nicolet Election Case,* 29 Can. S. C. 178.)

It is highly probable that the legislature did not think, in any connection, of the fact that the thirtieth day falls upon Sunday, and cannot be said to have had any particular intent in that connection. The use of the periods, thirty, sixty and ninety days, has become so universal that they were no doubt adopted for convenience rather than with any other end in view. (20 Ency. of Pl. & Pr., subd. 2, p. 1204; *Barnes v. Eddy,* 12 R. I. 25; *Hammond v. Ins. Co.,* 10 Gray (Mass.), 306; *Anderson v. Winfree,* 85 Ky. 598, 4 S. W. 351, 11 S. W. 307; *Varney v. Justice,* 86 Ky. 596, 6 S. W. 457.) Liberal construction where forfeiture would result. (*Bowers v. Smith,* 111 Mo. 45, 33 Am. St. 491, 20 S. W. 101, 16 L. R. A. 754; *State v. Gasconade,* 33 Mo. 102.)

D. C. McDougall, Attorney General, and J. H. Peterson, Assistant Attorney General, for Defendant.

The whole proceeding is purely statutory, and the secretary derives no right to file nomination papers except the right conferred upon him by statute, and the statute having specifically required that such nominations be filed "at least thirty

days prior to election,'' the time would expire on the 29th of June.

Sections similar to sections 11 and 12, Rev. Codes, have been construed in at least two states, under practically the same state of facts as are now before the court, and in each case it was held that these sections did not apply to the case at bar. (*Griffin v. Dingley,* 114 Cal. 481, 46 Pac. 457; *State v. Falley,* 9 N. D. 464, 83 N. W. 913.)

SULLIVAN, J.—This is an original application by the plaintiff, John L. Seawell, for a writ of mandate to compel the secretary of state to file his nomination paper nominating said Seawell to the office of representative in Congress and to be voted on at the primary election on the 30th day of July, 1912. The facts are substantially as follows: On the 29th of June, 1912, at about the hour of 4 P. M., the petitioner called up the secretary of state's office by phone and requested that the office be kept open for from fifteen to twenty minutes; that about half after 4 o'clock, the petitioner and one Pike presented themselves at the office of the secretary of state prepared to file said nomination papers, but found the office closed. Later on the same day petitioner accosted the deputy of said defendant on the streets of Boise and later saw the secretary in the capitol building and requested the filing of his nomination paper. On the following day, to wit, June 30th, that being Sunday, between the hours of 10 A. M. and 4 P. M., the petitioner presented himself at the office of defendant with the intention of asking to have said paper filed, but the office was closed. On the first day of July the petitioner again in company with said Pike presented said paper to the defendant and tendered the filing fee. The defendant declined to file the paper on the ground that the time for filing same had expired.

Under the provisions of sec. 339, Rev. Codes, the secretary of state is required to keep his office open for the transaction of business from 10 A. M. to 4 P. M., except upon holidays, and no question is raised in this case as to the defendant's refusal to receive said paper after 4 o'clock in the afternoon of

the 29th of June, 1912, as his office was locked at that time and no further business received.

The primary election for the year 1912 will be held on the 30th day of July, and the statute relating to the filing of nominations to be voted upon at said primary is sec. 5 of the election laws as amended by Sess. Laws of 1909, p. 197, and in part is as follows:

"Each candidate for office, or some qualified voter in his behalf, shall file a nomination paper in the proper office, as herein provided, at least thirty days, and not more than sixty days, prior to the primary to be held to nominate candidates for such office, in substantially the following form."

The question is then directly presented as to what is the latest day under the statute upon which certificates of nomination can be filed. Counsel for petitioner contends that such papers may be filed on the first day of the thirty-day period commencing prior to the 30th of July, and that if said first day of the thirty-day period comes on Sunday or a legal holiday, then said papers may be filed the day following such holiday. It is contended by counsel for the defendant that the words "at least thirty days . . . . prior to the primary" means that the time would expire on the 29th day of June at the close of office hours on that day, and that the meaning of the statute is that full thirty days must elapse between the closing of the nominations and the morning of the primaries. Under the latter contention it was claimed that there are twenty-nine days in July preceding the 30th of that month, the date the primary is to be held, and it would require the last day or 30th of June to make the thirty-day period, and that the 29th day of June was the last day upon which nomination papers could be received and filed by the defendant.

Said section of the statute provides that such papers must be filed at least thirty days prior to the primary election. Now, if such papers must be filed thirty days prior to the day of election, they cannot be legally filed within the thirty days next preceding the date of election. In other words, they must be filed "without" that period and not "within" it. That is the reasonable construction of said statute,—in fact,

it is too plain to require construction.  If an act must be done thirty days prior to a certain day, if it is done within that thirty day period, it certainly is not done thirty days prior to the commencement of such period.  If the secretary of state had received and filed said nomination paper on Sunday, the 30th day of June, or on Monday, the first day of July, Sunday being a legal holiday, it would not have been filed at least thirty days prior to the date of the primary election.

It is contended by counsel for the plaintiff that Sunday, the 30th of June, was the last day upon which nominations could be filed, and inasmuch as that day fell upon Sunday, the time would then be extended until and including Monday, July 1st. If this view is taken, the positive provision of said statute would be ignored, for if it were filed on Sunday, it would be only twenty-nine days prior to the date of the election, and if filed on Monday, only twenty-eight days prior thereto.

As to the method of computing time under the statute, sec. 11 of the Rev. Codes is as follows: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

Sec. 12, Rev. Codes, is as follows: "Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed."

Those sections refer to the time in which an act provided by law is to be done.  Sec. 11 provides that a holiday shall be excluded when it is the last day of the time "in which any act provided by law is to be done," and sec. 12 refers to an act which is appointed to be done "upon" a particular day.  In the case under consideration, however, the statute does not fix the day upon, or the time within, which the certificate is to be filed, but declares that it shall be filed "at least thirty days" prior to the day of the primary election, and to hold that it could be filed twenty-nine or twenty-eight days prior to such

date would be a clear disregard of the plain provisions of said statute.

It was held in *Griffin v. Dingley,* 114 Cal. 481, 46 Pac. 457, under an election statute which provides that "Certificates of nomination required to be filed with the county clerks, or with the clerk or secretary of the legislative body of any city or town, shall be filed not more than fifty nor less than thirty days before the day of election, when the nomination is made by the convention," that where the last day on which the certificate could be filed ordinarily falls on Sunday or a legal holiday, the certificate must be filed on the day prior, to be in time.

In *State ex rel. Anderson v. Falley,* 9 N. D. 464, 83 N. W. 913, it was held that where a certificate of nomination was to be filed by the secretary of state not less than thirty days before the election, if filed twenty-nine days before the election it was too late, and that the statute in that regard is mandatory, and the fact that the thirtieth day before the election fell on Sunday would not change this rule, and that that section of the North Dakota statute (corresponding to sec. 11 of our Rev. Codes, above quoted) relating to excluding holidays, has no application to an election case.

It is suggested by counsel that sec. 10 of said direct primary law provides that within five days after said nominating papers shall have been filed, if for a county office, and within ten days for any other office, there shall be filed an acceptance of said nomination, and that some question has been raised as to the time allowed to the candidate to accept the nomination and whether if the last day for filing acceptance falls upon a legal holiday the candidate has until the following day to file his acceptance. That section of the statute provides that a certain act must be done *within* five days or *within* ten days, and is different from the provisions of sec. 5 of said act which provides that an act must be done *outside* of thirty days or thirty days *prior* to the day of the primary election; that is, thirty days must intervene between the date of the election and the date of filing the nomination. The time in which said acceptance is to be filed comes within the provisions of said sec. 11, Rev. Codes, as the time fixed is *within* five days after said

nominating paper shall have been filed that the county officer, or within ten days that any other officer, shall file his acceptance, and under the provisions of said section for an act to be done "within" a certain time, the time is computed by excluding the first day and including the last, unless the last day is a holiday, in which case it is also excluded. Therefore, in filing an acceptance, if the last day for filing the same falls on a legal holiday, that day is excluded and the candidate has until the following legal day to file his acceptance.

We therefore conclude, under the provisions of said sec. 5 of the election laws, that a nomination paper must be filed with the secretary of state at least thirty days prior to the primary election, and that as said nomination paper was not presented for filing at least thirty days prior to the 30th day of July, 1912, the day fixed for holding the primary election, the defendant, as secretary of state, was justified in refusing to file said nomination paper. The writ is therefore *denied.*

Ailshie, J., concurs.

Stewart, C. J., did not sit at the hearing and took no part in the decision.