[No. 18849. Department One. August 29, 1924.]

THE STATE OF WASHINGTON, *on the Relation of G. Dowe McQuesten, Plaintiff*, v. J. GRANT HINKLE, as *Secretary of State, Respondent*.[1]

STATES (13)—OFFICERS (50)—POWER TO FIX OFFICE HOURS. In the absence of any statute, the secretary of state may adopt reasonable office hours; and it is reasonable for him to close his office at 12 o'clock m. on Saturdays, and the public is bound to take notice of a custom that had prevailed for a considerable period to that effect.

ELECTIONS (20-29)—PRIMARY ELECTIONS—DECLARATION OF CANDIDACY—TIME FOR FILING. Under Rem. Comp. Stat., § 5182, requiring candidates to file declarations of candidacy with the secretary of state thirty days before the primary election, it is incumbent upon candidates to file the same at the office within office hours of the last day, and it is not enough to mail the notices so that they might have been procured by the secretary from the post office before the closing hour.

Application filed in the supreme court August 25, 1924, for a writ of mandamus to compel the secretary of state to file a declaration of candidacy for the office of state senator. Denied.

*Vance & Christensen*, for plaintiff.

*The Attorney General* and *R. G. Sharpe, Assistant*, for respondent.

[1]Reported in 228 Pac. 299.

TOLMAN, J.—This is an original action in this court by which the relator seeks a writ of mandate directed to the secretary of state requiring him to file a declaration of candidacy for the office of state senator of the 15th senatorial district, as of August 9, 1924.

It appears that relator, being duly qualified to be a candidate for the nomination which he seeks, on August 8, 1924, at or before the hour of 9:30 p. m., deposited in the United States post office at Yakima, Yakima county, Washington, a letter addressed to the secretary of state at his office in Olympia, with postage prepaid, containing relator's declaration of candidacy for the office mentioned, together with the proper fee for filing the same; that the letter containing this declaration was postmarked at Yakima as at 9:30 p. m. of the day it was deposited, and that in the ordinary course of mail the letter would leave Yakima at 11:58 p. m. on August 8, and should arrive at Olympia at 11:40 a. m. on August 9; that it usually takes until about 12:00 o'clock m. for the mail to be transported from the railway station to the post office, and it is there distributed into lock boxes between 1:00 o'clock and 1:30 o'clock p. m. of the same day, and all mail so received addressed to the secretary of state should, prior to 2:00 p. m. of the day of its arrival, be placed in the lock box which is maintained for the use of the secretary of state's office.

Relator alleges that the envelope containing the declaration of candidacy was received at the post office at Olympia shortly after 11:20 a. m. on the 9th day of August, 1924, and was placed in the post office box of the secretary of state in the regular course of delivery soon after 12:00 o'clock m. of that day, the exact time being unknown, and that the secretary did not go nor send to the post office or get his mail therefrom after 12:00 o'clock m. of that day, and did not in fact receive

relator's declaration until the morning of Monday,
August 11; but that, had he gone to the post office and
secured his mail from his lock box at any time during
the afternoon of August 9, he would have received such
declaration, and could have filed it on that day. It is
further alleged:

"That affiant is informed and believes that said
J. Grant Hinkle, as secretary of state of the state of
Washington, closed his office at 12 o'clock M. on Satur-
day, August 9, 1924, and neither he nor any of his em-
ployees were on duty on said date after said time and·
did not go to the postoffice and get the mail delivered
into the post office box of the secretary of state on the
afternoon of said date, but there is no law in the state
of Washington authorizing the closing of said office on
any week day that is not a legal holiday, and said
August 9th, 1924, was not a legal holiday; that the
usual and customary closing time of public offices of
the state of Washington, including that of the secre-
tary of state, is not earlier than five o'clock P. M. on
all week days other than legal holidays, and affiant was
entitled by law to file his declaration of candidacy in
the office of the secretary of state any time during
business hours of August 9th, 1924, up to the hour of
five o'clock P. M. of said day, and verily believes and
alleges that it was the duty of said secretary of state
to keep his office open for filing declarations of candi-
dacy and the transaction of other business up to the
hour of five o'clock on said date, and to get from the
postoffice at Olympia the mail distributed to and placed
in his postoffice box during said day and up to the
hour of usual proper closing time, to-wit, five o'clock
P. M., and that had he done so on said date he would
have received said declaration of candidacy of affiant
and the same would have been filed ·within the time
prescribed by law."

Respondent's answer, after making appropriate de-
nials, sets up affirmatively:

·  "That the defendant does now and for many years
last past has maintained at the United States postoffice

at Olympia, a private postoffice box, of which his office has the key, wherein the postmaster at Olympia, Washington, has been directed by defendant and does deliver and deposit all of the official mail addressed to the defendant, and during all of said time it has been and now is the practice and custom of the defendant to cause his employees to call for and collect the mail so deposited in said locked box and convey the same to the defendant's office, and that if defendant receives any papers or documents in such mail with the request that same be filed in his office, and upon examination the defendant or his duly authorized employees find that such document or documents are proper documents to be filed and are in due form and are accompanied by the proper filing fee, the same are filed in said office as of the time when said documents are actually received in defendant's office, and not otherwise.

"That for many years last past, the regular office hours of the defendant during which the defendant has maintained and does now maintain his office in the Capitol Building at Olympia, Washington, open for the transaction of official business, are between the hours of 8 o'clock A. M., and 12 o'clock M., and between the hours of 1 o'clock P. M. and 4 o'clock P. M., on all week days except holidays and Saturdays, and on Saturday of each week, between the hours of 8 o'clock A. M., and 12 o'clock M., and that such office hours are now and for many years last past have been the same as the office hours of all other state officials having their offices at Olympia, and that such office hours have been and now are fixed by and with the consent of the governor of the state of Washington.

"That on August 9, 1924, the same being Saturday, at the hour of 12 o'clock M., a duly authorized employee of the defendant called at the locked mail box of defendant at the postoffice at Olympia, Washington, and took therefrom the mail addressed to the defendant, and that the declaration of candidacy described in plaintiff's application herein was not at that time in such mail; that, as was the uniform custom and practice of the defendant, the office of the defendant was closed for the day at 12 o'clock M. on said August 9,

1924, and that the mail in said locked box of the defendant was not called for again until the morning of August 11, 1924, at which time it was found that said mail contained the declaration of candidacy referred to in the plaintiff's application herein; that there was nothing upon the envelope containing said declaration of candidacy indicating at what hour said declaration of candidacy was actually received at the postoffice at Olympia, and deposited in defendant's locked box therein, and that the defendant does not know and has no way of knowing at what hour or on what day said declaration of candidacy was actually received at said postoffice.''

It will thus be seen that the governing facts are not in dispute, although the conclusions to be drawn therefrom are.

The principal question to be decided here is whether, in the absence of statute fixing and regulating the office hours of the secretary of state, he may adopt and enforce rules regulating the hours when his office is open for business, and if so, whether the rule fixing the hour of 12 o'clock m. on Saturdays as the closing hour is a reasonable one. It can hardly be gainsaid that, in the absence of statute, the secretary may fix within reason the hours when his office shall be open for business, otherwise he would be required to keep his office open continuously, which would be unnecessary and unreasonable.

The statute, Rem. Comp. Stat., § 5182 [P. C. § 2227], requires:

"At least thirty (30) days before the primary election any person who shall be eligible, who shall desire to become a candidate for nomination for any office, subject to this act, shall file in the proper office a declaration of candidacy accompanied by the fee provided for in this act,     .     .     .''

The duty to file is thus placed upon the candidate, and whether he brings his declaration in person, sends

it by an agent, or by the United States mail, which he thus adopts as his agency, he must see to it that his declaration reaches the secretary of state at his office with the request that it be filed within the statutory time. It may be that when, as here, the secretary maintains a lock box at the post office he is in duty bound to so act as not by that means to delay the receipt of a document to be filed; but as there is no showing that, if delivered by carrier, the letter in question would have been received at the secretary of state's office any sooner, we must assume that he so acted here; but even otherwise, if delivery by carrier would have been at some time during the afternoon of August 9, the secretary's office being then closed and no one there to receive it, the question comes back to the reasonableness of closing at noon on Saturdays.

It may be that some authorities can be found holding to the contrary, but if so, they are out of harmony with modern conditions, and we think, in the absence of any statutory regulation, it is the undoubted right of a public officer to fix reasonable business hours; and when, as here, it appears that Saturday afternoon closing has been followed by all state offices for a considerable period of time, and that the same custom prevails in many if not most private enterprises, the public must take notice of that custom and act accordingly. The duty, as we have already said, was on the relator to file within the statutory period, and he is also required to take notice of the established custom of Saturday afternoon closing; hence, if he chooses to wait until the last day, he should have tendered his declaration within the hours when the secretary's office was customarily open for the transaction of business. Not having done so, we can grant him no relief.

The writ is denied.

HOLCOMB, FULLERTON, and PARKER, JJ., concur.