BURTCH et al, Petitioners, v. MEDIN et al, Defendants.

(210 N. W. 187.)

(File No. 6344.    Opinion filed October 4, 1926.)

**Elections—County Auditor Held Unauthorized to Recognize Withdrawal of Candidates or New Designations, Where Withdrawal Was Not Filed at Least 70 Days Prior to Election (Rev. Code 1919, §§ 7188, 7206).**

County auditor held unauthorized to recognize withdrawal, under Rev. Code 1919, § 7188, of candidates from party ticket or to place on ticket names of parties nominated to take place of withdrawn candidates, where withdrawals were not filed at least 70 days prior to ensuing election, as provided in section 7206.

Note.—See, Headnote, American Key-Numbered Digest, Elections, Key-No. 146, 20 C. J. Sec. 145.

Original proceeding in mandamus by A. P. Burtch and others against John T. Medin and others. Peremptory writ denied, and temporary writ vacated and discharged.

*Johnson & Simons* and *R. E. Dougherty*, both of Sioux Falls, for petitioners.

*J. D. Coon*, State's Attorney, and *C. V. Caldwell*, Deputy State's Attorney, both of Sioux Falls, for defendant.

POLLEY, J. This is an original proceeding in mandamus. The plaintiff A. P. Burtch is the chairman of the county Democratic central committee of Minnehaha county, and defendant Dale E. Howe is the county auditor of said county. At the primary election held in said county in March, 1926, the following named parties, who are joined as plaintiffs herein, were nominated on the Democratic ticket for the following offices respectively: John H. John, state Senator; Rowine J. Costine, state Representative; Neva Hardin, superintendent of schools; Fred Whitfield, county treasurer; George P. Harris, register of deeds. Their names were properly certified to the county auditor, and they became, and were, the regularly nominated candidates for said offices, and were entitled to have their names printed in the Democratic column of the ballot to be voted at the coming November election.

On the 27th of August, 1926, the plaintiff Burtch presented to defendant Howe withdrawals of said candidates from the said ticket, which withdrawals were in writing, properly signed and acknowledged. And said plaintiffs also tendered to said Howe certificates of nomination, nominating other parties, who are also named as plaintiffs herein, for the said offices on said Democratic ticket, which said certificates of nomination were properly made out and signed by the chairman and secretary, respectively, of the Democratic county central committee of said county.

The auditor, claiming that said withdrawals were not tendered within the time fixed by law, refused to recognize the same or to place on the ticket the names of the parties designated and nominated to take the place of candidates so attempted to be withdrawn, and the said plaintiffs apply for a peremptory writ of mandamus to compel defendant to recognize said withdrawals and substitute the names of the other candidates in their places.

Section 7206, Rev. Code 1919, provides for the withdrawal from a ticket by a party who has been proposed as a candidate. This section provides in detail how the withdrawal shall be made out and signed, and further provides that it must be filed at least 70 days prior to the ensuing election. The election this fall will be held on the 2d day of November, and 70 days prior to that date would be August 23d or 24th, according to the method of computation used, and the auditor was without authority to act upon withdrawals that were not filed until the 27th day of August. Therefore there were no vacancies on the ticket to be filled, and the auditor was without authority to receive and file the nominations tendered by the plaintiffs.

Section 7188 provides that, "if for any reason, after a nomination of a party candidate to a public office * * * has been made, a vacancy shall occur in time to certify a new nominee to be printed upon the official ballot," such vacancy shall be filled by the party central committee. But this section must be read in connection with section 7206, which provides that, in order to create a vacancy by withdrawal, such withdrawal must be filed at least 70 days prior to the day of election.

In State ex rel Picton v. Doolittle, 50 S. D. 298, 209 N.W. 851, we held that the provision in section 7122 requiring the declaration of candidates as well as the certificate of proposal to be filed on or before January 1st, following the proposal meeting, is mandatory, and that the auditor is without authority to receive and file such certificates after that date, and we see no reason to adopt a different rule in this case. This principle is supported by the following authorities: 20 C. J. 130; State v. Falley, 9 N. D. 464, 83 N. W. 913; Griffin v. Dingley, 114 Cal. 481, 46 P. 457; Cowie v. Means, 39 Colo. 1, 88 P. 485; Brodie v. Hook, 135 Ky. 87, 121 S. D. 979; In re Darling, 121 App. Div. 656, 106 N. Y S. 430; Harris v. King, 21 S. D. 47, 109 N. W. 644; Delgado v. Executive Council, 7 Porto Rico, 401.

It is argued by counsel for plaintiffs that their nominating certificates were tendered in time to be printed on the official ballot and within the time fixed by section 7236, and that no one will be injured by disregarding the 70-day period fixed by section 7206. This may be true, and no doubt it is just as true of many other

provisions of the primary law, but, so long as the people of this state retain the present law that governs our primary elections, its provisions must be obeyed.

The peremptory writ prayed for is denied, and the temporary writ is vacated and discharged.

DILLON, J., not sitting.