[No. 28905. *En Banc.* October 19, 1942.]

THE STATE OF WASHINGTON on the Relation of John A.
Earley et al., *Plaintiffs,* v. CHESTER A. BATCHELOR,
*as Judge of the Superior Court for King
County, Respondent.*[1]

[1]Reported in 130 P. (2d) 72.

*Fairbrook & Williams,* for relator.

*Little, Burgunder & Smith,* for respondent.

DRIVER, J.—The facts as set forth in the pleadings and supporting affidavits on which this case was submitted to the superior court by agreement, without the introduction of evidence, are not in dispute and may be summarized as follows:

There is to be elected on November 3, 1942, a commissioner of the port of Seattle. On Saturday, October 3, at four o'clock p. m., Harry J. Martin called at the office of the secretary of the port commission to file his petition of nomination for the position. He was unable to do so as the office had closed at noon. That was its customary closing time, established over a period of ten years, and was consistent with the practice of most city offices of the city of Seattle and of the offices of private concerns in that city engaged in the same line of business as the port of Seattle.

On Monday, October 5th, Mr. Martin returned to the port commission office, and tendered his petition of nomination with the necessary filing fee. The tender was rejected. Thereafter, and on the same day, he tendered his petition to the auditor of King county, but that officer also refused the tender.

Mr. Martin then brought the present action in the superior court, seeking, by writ of mandate, to compel the port commission or the King county auditor to accept and file his nomination. The court concluded that the tender made to the secretary of the port commission on Monday, October 5th, was timely and

should have been accepted, and that Mr. Martin was entitled to a writ of mandate to compel its acceptance. The judgment, which is in accord with that conclusion, is before this court for review on writ of certiorari at the instance of the relators, the commissioners of the port of Seattle.

The statute governing the filing of nominations in elections in class A and first-class counties, Rem. Rev. Stat., § 5148-1 [P. C. § 2120-7a] (Laws of 1923, p. 174, § 5), reads, in part:

"All nominations for office to be voted for at any election held under the provisions of this act shall be filed not more than sixty (60) days and not less than thirty (30) days prior to the day of election, with the clerk or secretary of the governing board of any city, town or district, and by him certified to the election board at least twenty-five (25) days before the date of election: . . . "

The principal question presented is this: Was the nominating petition tendered for filing "not less than thirty (30) days prior to the day of election"? Before undertaking its discussion, we shall first consider whether or not the attempted filing after noon on Saturday was ineffectual. On this preliminary question, we think *State ex rel. McQuesten v. Hinkle,* 130 Wash. 525, 228 Pac. 299, is controlling.

There, the relator, an aspirant to the office of state senator, mailed his declaration of candidacy to the secretary of state. It reached the Olympia post office shortly before noon on Saturday, August 9th, but was not distributed to the lock box maintained for the use of the secretary of state's office until about two o'clock in the afternoon. As the customary closing time of his office on Saturday was at noon, the secretary did not receive the declaration of candidacy until he called

for his mail on the following Monday, August 11th. The primary election day was September 9th, and the applicable statute, Rem. Rev. Stat., § 5182 [P. C. § 2227], provides that the candidate's declaration must be filed "at least thirty (30) days before the primary election." This court held that the filing was not timely. Discussing "the principal question to be decided," Judge Tolman, the author of the opinion, said, p. 530:

"It may be that some authorities can be found holding to the contrary, but if so, they are out of harmony with modern conditions, and we think, in the absence of any statutory regulation, it is the undoubted right of a public officer to fix reasonable business hours; and when, as here, it appears that Saturday afternoon closing has been followed by all state offices for a considerable period of time, and that the same custom prevails in many if not most private enterprises, the public must take notice of that custom and act accordingly. The duty, as we have already said, was on the relator to file within the statutory period, and he is also required to take notice of the established custom of Saturday afternoon closing; hence, if he chooses to wait until the last day, he should have tendered his declaration within the hours when the secretary's office was customarily open for the transaction of business."

No statute has been called to our attention which expressly regulates the office hours of a port commission or its secretary. Rem. Supp. 1941, § 9963-1 (Laws of 1941, chapter 113, p. 293, § 1), reads:

"All elective and appointive officers of this state and its political subdivisions shall keep their offices open for the transaction of business from nine (9) o'clock a. m. to five (5) o'clock p. m. of each business day, except that any such officer may, during the months of June, July, and August, open his office at eight (8) o'clock a. m. and close the same at four (4) o'clock

p. m. *On Saturday, such offices may be closed at one (1) o'clock p. m."* (Italics ours.)

It is not necessary for us to decide whether or not a port district is a political subdivision of the state within the meaning of the statute. For, even if we assume, without deciding, that it is, the filing in the instant case was not presented at the port district's office until four o'clock p. m. on Saturday, three hours after the time when that office could lawfully have been closed under the statute. It is our conclusion that the tender of the filing on Saturday, October 3rd, was not sufficient.

This brings us to the question whether the tender to the secretary of the port commission on the following Monday, October 5th, was timely. On that question, it should be noted, *State ex rel. McQuesten v. Hinkle, supra,* is of doubtful value, as the timeliness of the filing of the declaration of candidacy on Monday, August 11th, is not discussed at all in the opinion.

In a case such as we now have under consideration, the usual method of computation is to count the consecutive days backward from the day of election. 18 Am. Jur. 262, § 130; annotation, Ann. Cas. 1914A, 1135; *Cosgriff v. Board of Election Commissioners,* 151 Cal. 407, 91 Pac. 98. In this connection, however, we think the following pertinent statutory provisions should be considered:

Rem. Rev. Stat., § 61 [P. C. § 2698-1]:

"The following are legal holidays, namely: Sunday; . . . the day on which any general election is held throughout the state."

Rem. Rev. Stat., § 150 [P. C. § 7435]:

"The time within which an act is done, as herein provided, shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded."

For convenience, we set out in the following table the portions of the calendar for the months of October and November, 1942, applicable to the present case:

| | S | M | T | W | Th | F | S |
|---|---|---|---|---|---|---|---|
| OCTOBER | | | | | | | 3 |
| | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| | 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| | 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
| NOVEMBER | 1 | 2 | 3 (election day) | | | | |

It may readily be seen, by referring to the foregoing calendar table, that, if we count the days consecutively backward from November 3rd, excluding it as the first day, as the statute, Rem. Rev. Stat., § 150, prescribes, the thirtieth day will fall on Sunday, October 4th. But Sunday being a legal holiday, it must be excluded under the statute. We think the statute clearly means that, if a day is to be included, then it must be counted as one of the days of the period to be computed; but, if a day is to be excluded, it must not be counted as one of the days of the period. *Cosgriff v. Board of Election Commissioners, supra.*

Thus, since we must not count the last day, Sunday, October 4th, as one of the thirty days—and we are counting backward—then we reach the conclusion that the immediately preceding day, Saturday, October 3rd, is the thirtieth and last day for filing the nomination. This is in accord with a well-established rule that, where a statute requires the filing of a petition to be accomplished not less than a certain number of days before the date of election, the fact that the last day falls on Sunday does not permit the filing to be made on the following business day. 18 Am. Jur. 262, § 130; 29 C. J. S. 206, 209, § 137; *Seawell v. Gifford,* 22 Idaho 295, 125 Pac. 182, Ann. Cas. 1914A, 1132;

*State ex rel. Anderson v. Falley,* 9 N. D. 464, 83 N. W. 913.

█ It seems apparent that the primary purpose of the statute requiring nominations to be filed not less than thirty days before the election is to give notice, for that period of time, to the election officials and to the public of the identity of the candidates. Such statutory provisions are generally regarded as mandatory. 29 C. J. S. 206, § 137; annotation, 72 A. L. R. 290. The author of the annotation just cited expressed therein the following conclusion, p. 290:

"It is generally and almost universally held that statutory provisions in election statutes, requiring that a certificate or application of nomination be filed with a specified officer within a stipulated period of time, are mandatory."

If we should hold contrary to the authorities above cited that, the thirtieth day falling on Sunday, Mr. Martin should have the next day, Monday, in which to file, then his filing would be on the twenty-ninth day preceding the election; and the mandatory provision of the statute that the filing must be accomplished *not less than thirty days* before election would be violated.

Respondent cites and relies upon *State ex rel. Evans v. Superior Court,* 168 Wash. 176, 11 P. (2d) 229. There, a statute required the governing board of a city to certify to the election board propositions to be submitted to the voters " 'not less than forty-five (45) days before the date of any election.' " The certificate was filed on Saturday, January 23, 1932, and the election day was on Tuesday, March 8th. The question was whether the filing was timely.

This court held that it was. The opinion states that "If March 8th is to be counted as one of the forty-five days, the ordinance was received in time, other-

wise not." Nothing is said in the opinion as to the exact method of computation employed, but the plain implication, considering the factual situation, is that the count was not made backward from election day, but forward, beginning with January 23rd, excluding that day as the first one and ending with and including, as the last day, March 8th. This is indicated by the fact that the court quoted from, and held to be applicable, Rem. Rev. Stat., § 150, *supra,* to the effect that, in computations of time, the first day shall be excluded and the last day shall be included. Since the court held that March 8th had to be counted, or included, then it must have been regarded as the last day, rather than the first, in compliance with the requirements of the statute.

It is interesting to note, in this connection, that, the year 1932 being a leap year, with twenty-nine days in February, if we start with January 23rd on a calendar for that year, exclude that day and count forward, election day, March 8th, is the forty-fifth day; and that, if we count backward, starting with and excluding March 8th, the forty-fifth day falls on Saturday, January 23rd. Therefore, under either method of computation, the filing in the *Evans* case on Saturday, January 23rd, was timely. (In the *Evans* case, March 8th was not a "day on which a general election is held throughout the state," listed by Rem. Rev. Stat., § 61, *supra,* as a legal holiday, but was the day of a general municipal election of the city of Seattle.)

If we apply here what appears to have been the method of computation in the *Evans* case and start with the filing day, Monday, October 5th, excluding it as the first day, then election day, November 3rd, will be only the twenty-ninth day. Even if we should include October 5th in our count, then the thirtieth day would fall on November 3rd, a general election-

day holiday, which must be excluded under Rem. Rev. Stat., § 150, *supra*. Thus, whether we count forward or backward, the tender of the filing of the nominating petition to the port commission's secretary on Monday, October 5th, was not timely.

The following cases from other jurisdictions appear to be in accord with our conclusions here:

In *Griffin v. Dingley*, 114 Cal. 481, 46 Pac. 457, a statute provided that a certificate of nomination should be filed not less than thirty days before the day of election. The last day for filing fell on Sunday, October 4th, and, as the following day, October 5th, was a legal holiday, the contention was made that a filing on October 6th was timely. The court answered this contention as follows:

"It is contended by the petitioner that, under this provision, the 4th day of October was the last day on which the certificate could be filed, but that, as that day was Sunday, by virtue of sections 12 and 13 of the Political Code, he was entitled to file it on the next day that was not a holiday, and, as the fifth day of October was a legal holiday, his presentation of the certificate to the respondent on the 6th was in time, and that the respondent should have filed it. We are of the opinion, however, that these provisions of the Political Code are inapplicable. Section 12 provides that a holiday shall be excluded when it is the last day of the time 'in which' any act provided by law is to be done; and section 13 refers to an act which is appointed to be done 'upon' a particular day. In the present case, however, the statute does not fix the day upon which or the time within which the certificate is to be filed, but declares that it shall be filed 'not less' than 30 days before the day of election. To hold that it could be filed twenty-eight days before the day of election would be in manifest disregard of the provisions of the statute."

In *Johnson v. Holm*, 198 Minn. 192, 269 N. W. 405, a general election day was on November 3, 1936. An

aspirant to public office attempted to file at four o'clock p. m. Saturday, October 3rd, after the office of the secretary of state had closed. He presented his petition again on Monday, October 5th, but it was refused. The governing Minnesota statute provided that " 'No nomination for any office shall be made, either by petition or otherwise within thirty days of the time of holding a general election . . . ' " The court said, p. 193, that

"This statute fixes the time within which petitions for nomination must be filed. In this case the last day was Saturday, October 3, 1936. The office of the secretary of state customarily closes at 12 M. on Saturdays, and the usual custom was followed on the Saturday in question.

"The statute is a reasonable one, and it is mandatory."

See, also, *Seawell v. Gifford*, 22 Idaho 295, 125 Pac. 182, *supra;* and *State ex rel. Anderson v. Falley*, 9 N. D. 464, 83 N. W. 913, *supra*.

■ Respondent's attorneys, in their brief, say they do not concede that the instant case is governed by Rem. Rev. Stat., § 5148-1, above cited, providing for the filing of nominations with the secretary of the board of any district, and they add, by way of argument, this comment:

"We are unable to find where the specific provision [Rem. Rev. Stat., § 9690] that a candidate for Port Commissioner shall file with the County Auditor twenty days prior to the election has been repealed and, accordingly, Mr. Martin tendered his petitions and filing fee to the County Auditor within the required time, to-wit: on October 5th, 1942."

With comparable brevity, we will say that we have carefully examined the statutes involved and have reached the conclusion for which relators contend, that, so far as nominations in class A and first-class

counties are concerned, the provisions of the earlier statute, Rem. Rev. Stat., § 9690 [P. C. § 4473] (Laws of 1913, chapter 62, § 2, p. 204), directing that nominations be filed with the county auditor, have been impliedly amended and superseded by Rem. Rev. Stat., § 5148-1 (Laws of 1923, chapter 53, § 5, p. 174), the statute we have applied in the instant case.

The judgment is reversed, and the cause is remanded with direction to dismiss the action. As the circumstances demand prompt disposition of the case, the clerk is directed to send down the remittitur forthwith upon the filing of this opinion.

MILLARD, STEINERT, BLAKE, SIMPSON, and JEFFERS, JJ., concur.

BEALS, J. (dissenting)—The case of *State ex rel. McQuesten v. Hinkle,* 130 Wash. 525, 228 Pac. 299, is controlling, in so far as it laid down the rule that certain public offices may close at noon on Saturdays. In the case cited, it would seem that Saturday was the last day Mr. McQuesten could have filed his declaration of candidacy for the office he sought, and, if the office of the secretary of state lawfully closed at noon on that day, the filing on Monday was, of course, too late. I agree with the majority as to the application of the case to the facts now before us.

In the case at bar, the election will be held November 3, 1942. Mr. Martin sought to file his declaration of candidacy with the port commission on the afternoon of Saturday, October 3rd, several hours after that office had closed for the day. Counting November 3rd, election day, as one of the thirty days comprising the statutory period, thirty days before the election would bring us to Monday, October 5th. As stated in the majority opinion, the statute provides that declarations of candidacy "shall be filed not more than sixty days

and not less than thirty days prior to the day of election."

In the case of *State ex rel. Evans v. Superior Court,* 168 Wash. 176, 11 P. (2d) 229, this court directly held that, in computing the time within which a petition that a charter amendment be submitted to the voters of a municipality, the day of election should be included within the statutory period, which, as shown by the opinion, was "not less than forty-five days before the date" of the election. In my opinion, the case last cited is controlling here, unless we directly refuse to follow it, and requires that November 3rd, election day, be included within the thirty-day period. In my opinion, the fact that in the *Evans* case the day of the election was not a legal holiday is unimportant.

It seems to me that it might well be argued that a filing on the thirtieth day prior to the election (including the election day, as above stated) should be held to be a filing not less than thirty days prior to the election, as thirty days is not less than thirty days. *Cosgriff v. Board of Election Commissioners,* 151 Cal. 407, 91 Pac. 98; *Mathewson v. Ham,* 21 R. I. 203, 42 Atl. 871; *State v. Hunter,* 134 Ark. 443, 204 S. W. 308.

According to the chronology adopted by the majority, the thirtieth day, which marked the limitation of the filing of declarations of candidacy, was Sunday, October 4th. The majority, for the purpose of computing the thirty-day period, reckon backward from November 3rd, election day, but, in estimating the effect of the count, it should be considered from the standpoint of the prospective candidate, the beneficiary of the statute, who was counting forward, not backward. As according to the majority the thirtieth day, October 4th, fell on Sunday, the majority conclude that the count back from election day should run to thirty-one days, instead of thirty days, and make Saturday, Oc-

tober 3rd, the last day within which a filing could be accepted. Adopting this theory of computation for the sake of argument, I believe that the majority reach an incorrect result.

Rem. Rev. Stat., § 150, reads as follows:

"The time within which an act is done, as herein provided, shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded."

The statute providing for the filing of declarations of candidacy grants a certain limited time to prospective candidates to make such filings. The act of filing is an affirmative act to be taken by the individual. Under the law, this act may be performed not less than thirty days prior to the date of the election. True, in order to compute this period, the election date is the starting point, whether it be counted or not, but in my opinion that does not mean that the time within which a declaration may be filed is computed backwards, with, to me, the extraordinary result that, when the thirtieth day falls on Sunday or a holiday, one day is added to the thirty-day statutory period. A prospective candidate has a certain number of days within which to file his declaration. *This period is the subject matter of the statute.* The thirty and sixty day counts are merely to fix the limitations of the periods within which a candidate may file. The majority stress the shadow, to the detriment of the substance.

If the last day accorded a prospective candidate by statute falls on a Sunday, it seems to me clear that the statute applies and his filing on the following Monday is valid. The law should not be so construed, in cases of doubtful meaning, as to limit the period within which filings may be made, but rather to ex-

tend the same, as it is, of course, the purpose of the law to permit ample opportunity for the filing of declarations of candidacy. The filing of the declaration is the "act" referred to in § 150. Certainly the computation of the thirty days results in placing an end to the period within which that act may be done. The last day of the thirty-day period fell on Sunday. In my opinion, under § 150, that gave the candidate desiring to file the following Monday within which to accomplish that act.

In the case of *State v. Levesque,* 5 Wn. (2d) 631, 106 P. (2d) 309, the history of § 150 was discussed, and it was held that the first portion of the section applied to the filing of a criminal charge, as well as to limitations in civil actions. I am convinced that the section also applies to such a time limitation as that with which we are here concerned.

It seems to me that the law is more logically construed by holding that Mr. Martin could file his declaration on Monday, twenty-nine days prior to the election, than by holding that, instead of having a period ending "not less than thirty (30) days prior to the election," this period, as to him, was extended to thirty-one days, as held by the majority.

It must be admitted that some of the authorities cited by the majority support the conclusion reached, but they are not numerous and, for my part, I am not inclined to follow them.

In the case of *State ex rel. Anderson v. Falley,* 9 N. D. 464, 83 N. W. 913, the supreme court of North Dakota, in considering a question similar to that which I am now discussing, called attention to the fact that, under the North Dakota law governing elections, the thirtieth day prior to the general election would always fall on a Sunday, and that the legislature must have known this and could not have intended that the period

would be twenty-nine days instead of thirty days. It seems to me just as reasonable to suppose that the legislature, knowing the law governing holidays, would have been of the view that the count back from the election day should be twenty-nine days, instead of thirty-one days, as manifestly it must be either one or the other. It is the intention of the law that a candidate have the full period between "not more than sixty (60) days and not less than thirty (30) days prior to the day of election" within which to file his declaration. I see no reason for construing the law against the prospective candidate. The act was passed for his benefit, and for the benefit of the public. The time allowed between the close of the filings and the date of the election is amply adequate to print the ballots and set up the election machinery, and, indeed, to settle questions concerning the printing of the ballots, such as that with which we are now concerned.

In 29 C. J. S. 206, Elections, § 137, referring to the filing of certificates of nomination, the rule is laid down that the statute should be liberally construed, attention being called to the fact that under some statutes the courts have discretion to determine whether an improperly filed certificate should be received. As to the time of filing, however, the rule is laid down, as noted by the majority, that statutory provisions with regard to the time of filing a certificate are regarded as mandatory. I agree with this principle, it being my view, however, that, even under a strict construction of the law when the last day for filing falls on Sunday, the prospective candidate may file upon the following day.

As in all of these cases, time presses, and an early decision is necessary. For the reasons stated, I dissent from the conclusion reached by the majority. In my opinion, the order under review should be affirmed.