[No. 37475.    Department Two.    October 14, 1965.]

CARTER J. DANDO, *Appellant*, v. WEST WIND CORPORATION *et al., Respondents.*\*

*Croson, Johnson & Wheelon,* by *Willard Hatch,* for appellant.

*William N. Goodwin* and *Gerald W. Hess,* for respondents.

HAMILTON, J.—This is an appeal from an order determining priority of claims in a receivership proceeding. Plaintiff (appellant) initiated the receivership action and pursues this appeal. The United States, as a creditor of the corporations in receivership, is the only respondent. The sole issue involved is whether appellant is entitled to priority over certain creditors, and particularly the United States.

The facts pertinent to the appeal may be summarized in the following manner:  During 1959, West Wind Corporation, a Washington corporation, engaged in the manu-

\*Reported in 406 P.2d 927.

facture of electric fans and their components, found itself in difficult financial straits. In an effort to correct the problem, the corporation, on October 28, 1959, executed and delivered to appellant, a licensed public accountant, its installment note and chattel mortgage in trust for the benefit of its general creditors. The chattel mortgage covered all of the corporate assets and was filed in the office of the King County Auditor on the date of its execution. Some payments were made upon the note and mortgage; however, the corporation defaulted and, on July 25, 1960, executed and delivered a bill of sale, in lieu of foreclosure, transferring to appellant all of its assets. Appellant was to sell the assets and apply the proceeds to the corporation's obligations.

In the meantime, West Wind Manufacturing Corporation, a separate corporate entity, had been formed and agreed to purchase the assets of West Wind Corporation. To consummate this transaction, West Wind Manufacturing Corporation, on July 27, 1960, acknowledged and executed a note and chattel mortgage, covering the assets in the amount of the purchase, to appellant, as "Trustee for the benefit of the unsecured creditors of West Wind Corporation existing as of October 28, 1959." In turn, appellant, in his capacity as trustee, executed, on July 27, 1960, a bill of sale transferring the assets to the newly formed corporation.

The note and chattel mortgage of July 27, 1960, were not delivered to appellant until August 8, 1960, at which time the chattel mortgage, together with the bills of sale from West Wind Corporation and from appellant to West Wind Manufacturing Corporation were filed and recorded with the Auditor of King County.

West Wind Manufacturing Corporation fared little better than its predecessor. Tax, rent, and wage liabilities increased or were created. No payments were made on the mortgage. Appellant sought another buyer and, on October 4, 1961, took from West Wind Manufacturing Corporation a bill of sale in lieu of foreclosure, which was on that date recorded with the King County Auditor. Fearing that he would be unable to convey clear title to a prospec-

tive purchaser, appellant initiated the instant action against both corporations and a receiver was appointed.

By stipulation of appellant and all creditors, the receiver took possession of the assets and sold the same, the proceeds of which sale being held subject to the claims of appellant and the outstanding creditors, including the various taxing agencies, the wage claimants, and the landlord. Needless to say, the amount realized from the sale of the assets was insufficient to meet the varying demands.

At the hearing to determine priorities, appellant based his claim to the proceeds and to priority over all creditors, except King County which had issued a timely warrant of distraint for personal property taxes, upon the chattel mortgage of July 27, 1960, which had been filed with the auditor on August 8, 1960, and the ensuing bill of sale in lieu of forfeiture. Appellant's claim was countered by the contention of the remaining creditors that the chattel mortgage was void as to them for the reason that it had not been filed within 10 days following its acknowledgment and execution, as required by RCW 61.04.020.[1] To this contention, appellant responded that (1) the 10-day filing period provided by RCW 61.04.020 should properly commence to run from the date of delivery of the chattel mortgage rather than from the date of its acknowledgment and execution, and (2), in any event, the tenth day, being August 6, 1960, fell on a Saturday, a day when, pursuant to resolution of the Board of County Commissioners of King County, the county offices were closed, thus rendering valid the filing on the following Monday.

The trial court, relying upon *Greenberg v. Manganese*

---

[1] "(1) A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and embumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law." RCW 61.04.020.

*Prod., Inc.,* 39 Wn.2d 794, 238 P.2d 1194 (1951), determined that the 10-day filing period commenced to run from July 27, 1960, the date of acknowledgment and execution of the chattel mortgage. Having so decided, the trial court then, in reliance upon *State ex rel. Earley v. Batchelor,* 15 Wn.2d 149, 130 P.2d 72 (1942) and *State ex rel. McQuesten v. Hinkle,* 130 Wash. 525, 228 Pac. 299 (1924), concluded that Saturday was not a holiday within the contemplation of RCW 1.12.040 and that appellant had failed to file the chattel mortgage in question within the statutory 10-day period. The trial court thus held appellant's chattel mortgage to be void as to other creditors and subordinate to their claims. On appeal, appellant challenges the rulings upon which the trial court invalidated the chattel mortgage. He waives any claim of priority which might be predicated upon the bill of sale in lieu of foreclosure.

Appellant frankly concedes that this court has determined, in *Greenberg v. Manganese Prod., Inc., supra,* that the 10-day filing period specified in RCW 61.04.020 for chattel mortgages commences to run from the date of the signing and acknowledgment of the instrument by the mortgagor, as distinguished from the date of its delivery to the mortgagee. He, however, strenuously urges that we overrule the *Greenberg* pronouncement, contending that the word "execution" as used in RCW 61.04.020 with reference to a chattel mortgage and its filing necessarily embraces delivery of the instrument.

We have carefully reviewed and considered appellant's arguments, the statute involved, and our holding in the *Greenberg* case. We have determined that appellant's invitation to overrule *Greenberg* must be declined.

The legislature, by Laws of 1965, Ex. Ses., ch. 157, has enacted substantial, if not all, portions of the Uniform Commercial Code. If this act goes into effect in its present form on its effective date of June 30, 1967, it will repeal RCW 61.04.020 and substitute, in lieu thereof, its own filing and priority provisions. To recede now from the *Greenberg* interpretation of RCW 61.04.020, which has remained the rule since 1951 without legislative or judicial modification,

would accomplish little and would, perhaps, cast some confusion where a degree of certainty presently exists. Furthermore, we are not convinced that the *Greenberg* decision is erroneous.

The trial court, accordingly, did not err in determining that the filing period for the chattel mortgage here involved commenced to run from July 27, 1960, the date it was signed and acknowledged by the mortgagor.

Appellant's second challenge directed to the trial court's decision springs from the fact that the tenth day, following the July 27, 1960, "execution date" date, fell on a Saturday, August 6, 1960. This computation is reached by application of the statutory rule announced in RCW 1.12.040, which provides:

> The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday or Sunday, and then it is also excluded.

It is appellant's contention that, since the county offices of King County were closed on Saturday, as sanctioned by a resolution of the board of county commissioners enacted on May 21, 1951, pursuant to RCW 36.16.100[2] (originating in its present form with Laws of 1951 ch. 100, § 1, p. 247) that Saturday is a holiday within the contemplation of RCW 1.12.040 and should be, like Sunday and other general holidays, excluded in computing the 10-day period. Thus, appellant argues that even though he did not receive the chattel mortgage until Monday, August 8, 1960, his filing of it on that date was timely.

We have no serious quarrel with the practical approach adopted by appellant in addressing this issue. Certainly, the word "holiday," as used in RCW 1.12.040, and the phrase "legal holidays," as used in RCW 1.16.050[3] in designating

---

[2]"All county and precinct offices shall be kept open for the transaction of business during such days and hours as the board of county commissioners shall by resolution prescribe." RCW 36.16.100.

[3]"The following are legal holidays: Sunday; the first day of January, commonly called New Year's Day; the twelfth day of February, being the anniversary of the birth of Abraham Lincoln; the twenty-second

the various days recognized as such, can be technically distinguished, and, indeed, it can almost be categorized as common knowledge that most, if not all, of the county offices throughout the state are closed on Saturdays. Added to this can also be considered the fact that RCW 42.04.060[4] (originating in its present form as Laws of 1951, ch. 100, § 3, p. 247) authorizes closure of state offices on Saturday, courts of record and certain offices being excepted. Common, too, has become the fact that various businesses, including banks and some attorneys' offices, are closed to the public on Saturdays. Thus, it is that Saturdays have become difficult, if not impossible, days upon which to transact official business, a fact, no doubt, which prompted Rule on Appeal 9, RCW vol. 0.[5]

We have, however, heretofore passed upon the effect of Saturday closings in relation to statutes requiring certain acts to be accomplished prior to a specified date or event. *State ex rel. McQuesten v. Hinkle, supra; State ex rel. Earley v. Batchelor, supra; Donohoe v. Shearer,* 53 Wn.2d 27, 330 P.2d 316 (1958); *State ex rel. Uhlman v. Melton,*

---

day of February, being the anniversary of the birth of George Washington; the thirtieth of May, commonly known as Memorial Day; the fourth day of July, being the anniversary of the Declaration of Independence; the first Monday in September, to be known as Labor Day; the twelfth day of October, to be known as Columbus Day; the eleventh day of November, to be known as Veterans' Day; the twenty-fifth day of December, commonly called Christmas Day; the day on which any general election is held throughout the state; and any day designated by public proclamation of the chief executive of the state as a legal holiday, or as a day of thanksgiving.

"Whenever any legal holiday, other than Sunday, falls upon a Sunday, the following Monday shall be a legal holiday." RCW 1.16.050.

[4]"All state elective and appointive officers shall keep their offices open for the transaction of business from eight o'clock a.m. to five o'clock p.m. of each business day from Monday through Friday, holidays excepted. On Saturday, such offices may be closed.

"This section shall not apply to the courts of record of this state or to their officers nor to the office of the attorney general and the lieutenant governor. RCW 42.04.060.

[5]"The time within which acts are to be done, as provided in these rules, shall be computed by excluding the first and including the last day. If the last day is a Saturday or Sunday or a holiday the act must be completed on the next business day." Rule on Appeal 9, RCW vol. 0.

66 Wn.2d 157, 401 P.2d 631 (1965). In each of these cases, we have noted that the statutes involved were mandatory in nature, and in the first and last of the cited cases have observed that the one charged with the filing duty was required to take notice of the Saturday closing period in question. In each of these cases, with the exception of the *Donohoe* case, which involved unusual circumstances, we have held that the Saturday closing period could not be excluded in the time computation involved.

█ In the instant case, we are confronted with that category of statute which requires that the filing be accomplished "within" a designated number of days following a specified event, RCW 61.04.020 providing, *inter alia,* that a chattel mortgage shall be "filed *within* ten days from the time of the execution thereof." (Italics ours.) In this context, we have heretofore noted that such statutes fix the *terminus ad quem,* that is the limit beyond which the filing time shall not extend, rather than the *terminus a quo,* or the first point in the filing time. *Adams v. Ingalls Packing Co.,* 30 Wn.2d 282, 191 P.2d 699 (1948); *In re Improvement Cliff Ave.,* 122 Wash. 335, 210 Pac. 676 (1922). In addition, it can be noted that RCW 61.04.020 pronounces the result which follows a failure to timely file a chattel mortgage, hence it may be classified as a mandatory statute. *Donohoe v. Shearer, supra.*

All factors being considered, including the cogency of appellant's argument, we have concluded that consistency and uniformity, as opposed to a statute by statute distinction, impel us to follow the lead established in the *McQuesten, Earley, Donohoe,* and *Uhlman* cases.

Accordingly, we hold that, absent legislative declaration to the contrary, the usual Saturday closing of state and county offices does not render such days holidays within the contemplation of RCW 1.12.040 for purposes of computing the filing time specified by RCW 61.04.020.

The trial court did not err in determining that appellant had not filed his chattel mortgage within 10 days from its execution.

The order determining priorities is affirmed.

ROSELLINI, C. J., DONWORTH and WEAVER, JJ., and MAC-IVER, J. Pro Tem., concur.